## WEBB-HARRIS AUTO COMPANY *v.* INDUSTRIAL ACCEPTANCE CORPORATION.

1. "In an action on a note given by a principal and sureties, the defendants may set off unliquidated damages flowing from the breach of an independent contract between the plaintiff and the principal, and competent testimony tending to support this plea should not be repelled."

Actions, 1 C. J. p. 1066, n. 96; p. 1086, n. 36.
Injunctions, 32 C. J. p. 99, n. 51.
Principal and Surety, 32 Cyc. p. 135, n. 14 New; p. 231, n. 26.
Recoupment, Set-Off and Counter-Claim, 34 Cyc. p. 680, n. 49; p. 698, n. 33.

2. The suit for attorney's fees on the ground that the defendant in the case had been stubbornly litigious and had brought a suit in bad faith, knowing that it had no right to recover, was a suit based upon a tort, and could not be joined with a suit for the breach of a contract. Actions ex delicto can not be joined with actions ex contractu. *Teem* v. *Ellijay*, 89 *Ga.* 154 (15 S. E. 33) ; *Porter* v. *Johnson*, 96 *Ga.* 145, 151 (23 S. E. 123).

3. The prayer for the cancellation of the indorsement on the note sued on in the municipal court could not be effectual to give the court of equity in Carroll County jurisdiction of the petitioner for injunction, inasmuch as such cancellation was not necessary to the defense of the petitioners in the equitable suit. If they succeed in setting up the defense which they claim they have to the suit in the municipal court of Atlanta, a. judgment rendered in their favor will effectually wipe out the indorsement.

No. 5614.  April 12, 1927.

Petition for injunction. Before Judge Roop. Carroll superior court. August 3, 1926.

*Boykin & Boykin,* for plaintiff.

*Mayson & Johnson* and *R. D. Jackson,* for defendant.

Beck, P. J. On November 7, 1924, Mrs. Cecelia Beveridge purchased from Webb-Harris Auto Company one Studebaker automobile for the price of $2564.60. She paid $815, and gave a note for $1749.60 for the deferred payments to be made $145.80 monthly for twelve months. At once thereafter this note was assigned by Webb-Harris Auto Co. and indorsed by it to the defendant in this case, the Industrial Acceptance Corporation, which purchased the note at a discount of $129.60. In addition to this Webb-Harris Auto Co. paid to the defendant $1.50 to pay a premium on what was known as single-interest collision insurance, the object of which insurance was to protect the defendant in this case and Webb-Harris Auto Co., and them only, against damages arising from collision. About December 1, 1924, the car in question was in a wreck, and, according to plaintiff's allegations, completely destroyed. Subsequently the defendant in this suit entered a complaint in the municipal court of Atlanta against Webb-Harris Auto Co. and the maker of the note, Mrs. Beveridge, the suit being returnable to the November term, 1925. Webb-Harris Auto Co. filed an attachment, which is the basis of the suit at bar, in Carroll superior court, on January 14, 1926. Before the case in the municipal court was to be tried, Webb-Harris Auto Co. filed an equitable amendment and supplemental petition to the

attachment suit, and obtained a restraining order on April 28, 1926, which was duly served on the Industrial Acceptance Corporation. The suit in the municipal court was for the recovery of the balance of the purchase-price, $1749.60, with interest from November 7, 1924. To this equitable petition the defendant filed general and special demurrers. After the hearing, as is recited in the bill of exceptions, "the court sustained the demurrer, dissolved the injunction, and held that the plaintiff did not set out a cause of action and there was no necessity of a petition in equity." The plaintiff excepted, assigning error upon the judgment "dissolving the injunction and dismissing the declaration of the plaintiff."

1. We are of the opinion that the court below held correctly that the equitable suit should be dismissed. That the note sued on in the municipal court of Atlanta had been signed by Mrs. Beveridge, the purchaser of the automobile in question, and indorsed by petitioner, is not questioned. But the plaintiff in the equitable suit alleges that it is not liable upon the note, but, on the contrary, that the defendant, the plaintiff in the suit in the municipal court, is liable to petitioner in a large sum as damages growing out of the breach of a contract which was entered into by the Industrial Acceptance Corporation, wherein that corporation undertook to protect petitioner from damage, by collision or otherwise, to the automobile in question; that is, that the defendant in this case would take out and secure from a certain insurance company a policy of insurance. It is alleged that the defendant did take out such policy of insurance, and that after the destruction of the car it was the defendant's duty to collect from the insurance company the amount unpaid and due on the car by the purchaser at the time the same was lost or destroyed. And other acts are alleged upon the part of the Industrial Acceptance Corporation, which it is contended resulted in damage to petitioner. It is further alleged that the suit referred to was brought in the municipal court, not in good faith, but in bad faith, and for the purpose of annoying, harassing, and harming petitioner "in its character, reputation, and business, to the damage of petitioner in the sum of $550," etc. Judgment is prayed in the petition for the damages alleged, and that the indorsement of petitioner on the note be canceled by order of the court. Judgment for attorney's fees is also prayed, on the ground that the defendant had injured

and damaged petitioner by bringing the suit in bad faith, etc. It is clear that all of these claims for damages, except for the item of attorney's fees, could have been set up as a defense to the suit against this plaintiff in the municipal court of Atlanta. In the case of *Pickett* v. *Andrews,* 135 *Ga.* 299 (69 S. E. 478), it was said: "The Civil Code, § 3747, provides that a debt to the principal may be set off against principal and sureties. *Wilson* v. *Exchange Bank,* 122 *Ga.* 495 (50 S. E. 357, 69 L. R. A. 97, 2 Ann. Cas. 597). Under the Civil Code, § 3746, any mutual demand between the parties existing at the commencement of the suit may be set off, and, except in case of dishonored notes (Civil Code, § 3750), the debts need not be connected, need not grow out of the same transaction, and need not have arisen in mutual dealings. *Nix* v. *Ellis,* 118 *Ga.* 345 (45 S. E. 404, 98 Am. St. R. 111). The proposed set-off was unliquidated damages arising from the breach of a contract. There was no demurrer to the plea; and the evidence was excluded because it was contended that such damages sounded in tort, and could not be set off in an action on a contract. Unliquidated damages for the breach of a contract may be set off the same as liquidated damages. *Fontaine* v. *Baxley,* 90 *Ga.* 427 (17 S. E. 1015). Damages for the breach of a contract do not spring from a tort, but from the violation of a contract; and therefore such damages arise ex contractu, and constitute a mutual demand, which is the subject-matter of set-off in a suit on a contract." See also *Bagwell Mfg. Co.* v. *Royer Wheel Co.,* 29 *Ga. App.* 4 (113 S. E. 56).

2, 3. The rulings made in headnotes 2 and 3 require no elaboration. 　　　　　*Judgment affirmed. All the Justices concur.*