## 26470. JORDAN v. BELVIN.

DECIDED JANUARY 14, 1938. REHEARING DENIED MARCH 31, 1938.

*Forester & Vann,* for plaintiff. *Hoyt H. Whelchel,* for defendant.

MacIntyre, .J. Mrs. Cynthia Jordan sued J. P. Belvin to recover damages for personal injuries resulting from a collision between the automobile in which she was riding and one driven by Belvin. The defendant demurred generally and specially to the petition. He also filed an answer and plea wherein he denied nearly all of the material allegations of the petition and pleaded accord and satisfaction. The plaintiff amended her petition by striking certain paragraphs therefrom and amplifying others, and pleading that the accord and satisfaction was obtained by fraud and was not binding on her. The defendant renewed his former demurrers to the petition as amended, and demurred to the amendment which averred that the accord and satisfaction was fraudulently procured. The exception is to the judgment sustaining the demurrers as amended to the petition as amended and dismissing the case.

The controlling question presented for our consideration, and the only one argued by counsel, is whether the plaintiff pleaded such facts as to nullify the accord and satisfaction pleaded on the ground of fraud. The defendant pleaded that on September 19, 1936, the plaintiff entered into a written agreement with him whereby she released him from "any and all liability and damages for the alleged injuries . . for . . $635; and that in pursuance of said agreement . . , the defendant paid said sum . . to the plaintiff," thereby settling and extinguishing the present cause of action. The substance of the copy-agreement attached to the defendant's answer is that for a consideration of $635, the receipt of which is acknowledged, "the undersigned hereby release and forever discharge J. P. Belvin . . and all other persons, firms or corporations liable, or who might be claimed to be liable . . from any and all claims, demands, damages, and actions . . resulting or to result from" the collision in question. This agreement appears to be properly signed. In paragraph 33 of the petition as amended the plaintiff pleaded that she was not bound by the release because "same was obtained through fraud, misrepresentations, and con ealment of facts." (a) "That

shortly after said injury on August 16, 1936, and while . . petitioner was confined to her bed in Dr. Daniel's hospital in Moultrie, Georgia . . , one C. M. Massey, holding himself out as an agent of the State Farm Mutual Automobile Insurance Company of Bloomington, Illinois, approached . . petitioner, stating that he, as agent for said insurance company, which . . carried a public liability insurance policy on the car driven by . . Belvin, wanted to talk to . . petitioner with reference to obtaining a settlement of her claim. (b) That said C. M. Massey stated at said time, that although his company held a policy of insurance issued to J. P. Belvin covering the car which he was driving . . , that said company was not liable to her . . because of the fact that the policy was written by Mr. Wm. Rittlespurger who was not the agent of the company at the time said policy was written, and that unless . . petitioner settled her claim for damages against . . Belvin for a nominal sum . . , that said company would deny liability and she would receive no sum whatever. The said Massey further represented at said time and place that . . Belvin, the defendant, was insolvent, and that unless she would accept the sum . . tendered her she would receive no payment for her injury. (c) That in addition to the representations as made in the above subhead, the said . . Massey, while representing said company and the said J. P. Belvin, in an effort to settle . . petitioner's claim for damages against said . . Belvin, represented to . . petitioner that said insurance company was a weak financial organization, and that unless she accepted the sum . . tendered her that by the time she could file suit and recover judgment against said Belvin, the insurance company would no doubt be unable to 'ay any sum whatever and that by reason of that fact she wou not recover any sum. (d) That . . petitioner is an unedu d person, unable to read and write, and not familiar with bu. less matters, and that she had no knowledge of the true condition of this insurance company nor the financial worth of Mr. J. P. Belvin, nor did she have benefit of counsel at any time before said release was secured, and that she acted wholly upon representations of the said . . Massey as above stated in executing said release, and that immediately upon gaining the true facts with reference to the condition of the said . . company and their responsibility on

account of a policy held by Mr. Belvin, your petitioner, through her attorney, Frank L. Forrester, notified Mr. C. M. Massey . . that she would reject said offer of settlement, a copy of which letter is hereto attached. . . (e) That the statements made to . . petitioner by the said C. M. Massey for the purpose of obtaining this settlement were misrepresentations of true facts, and made for the purpose of and did actually persuade your petitioner to accept the small sum tendered to her in settlement of her claim. . . (f) Petitioner further shows that on December 7, and before suit was filed in this case, that she, by . . her attorney, tendered to J. P. Belvin, at his office in Moultrie, Georgia, the $645 [$635?] in lawful currency of the United States, paid by the said . . insurance company . . , on account of her claim against J. P. Belvin, and that . . Belvin refused to accept said money."

The defendant's final demurrer was as follows: "1. This defendant renews his demurrer, both special and general, heretofore filed in this case, and moves that the petition as amended be dismissed. 2. Defendant demurs specially to paragraph 33 of the amended petition on the ground that the facts set out are not sufficient to avoid the release therein referred to, for the reason that it does not appear that the State Farm Mutual Automobile Insurance Company was, or is, in any manner liable to the plaintiff in this case, and said insurance company is not a party to this case, and upon the further ground that the facts set out in said paragraph do not constitute such fraud, misrepresentation or concealment of facts as will authorize the plaintiff to avoid such release."

Was the defendant responsible for the alleged fraudulent representations of C. M. Massey? We are of the opinion that the following averment of paragraph 33 of the amended petition is tantamount to incorporating the release in the petition: "Plaintiff avers . . that the release referred to in paragraph 18 of the defendant's answer, a copy of which is attached to defendant's answer, is void," etc. "The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him, or subsequently ratifies the acts of another in his behalf." Code, § 4-101. "The mere act of setting up by plea a stranger's act as a satisfaction is of itself a ratification." 1 C. J., p. 536, § 28. We are therefore of the opinion that in passing on the de-

murrer this court may consider the pleading of the release by the defendant as a ratification of the act of Massey in procuring it. Furthermore, subsection c of paragraph 33 of the amended petition begins: "That in addition to the representations as made in the above subhead, the said C. M. Massey, *while representing said company and the said J. P. Belvin,* in an effort to settle . . petitioner's claim for damages against . . Belvin, represented that said insurance company was a weak financial organization," etc. (Italics ours.) Paragraph 33 contains every averment of fraud relied on by the plaintiff. We conclude that as against the demurrers interposed, the petition as amended sufficiently avers the agency of Massey in procuring the settlement. *"The principal* shall be bound for the care, diligence, and fidelity of his agent in his business, and hence he *shall be bound for the* neglect and *fraud of his agent in the transaction of such business."* Code, § 4-311. (Italics ours.) "Fraud renders contracts voidable at the election of the injured party." Code, § 20-502. "Actual fraud consists in any kind of artifice by which another is deceived," and "implies moral guilt;" while "constructive fraud consists in any act of omission or commission, contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience and operates to the injury of another," and "may be consistent with innocence." Code, § 37-702. "Misrepresentation of a material fact, made wilfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently, and acted on by the opposite party, constitutes legal fraud." Code, § 37-703. Fraud is either actual or constructive, and either constitutes legal fraud. *Penn Mutual Life Ins. Co.* v. *Taggart,* 38 *Ga. App.* 509, 511 (144 S. E. 400). While that case was an action for damages for a tort, and the holding was that such an action must be grounded on actual fraud involving conscious moral guilt, it contains a lucid and interesting discussion of fraud. However, it is clear from citations in that case that actual fraud is not essential to support an action in equity to rescind a contract for fraud, or a plea of fraud to a suit on a contract; innocently made material misrepresentations which the opposite party has a right to act on, and does act on to his injury, and which amount only to constructive fraud, being sufficient in these last two instances. By a parity of reasoning, actual fraud is not essential to the set-

ting aside of an accord and satisfaction in a case like the one at bar. We can easily understand the effect of the alleged false representations on the plaintiff, and are of the opinion that they were material, even though the insurer was not a party to the case. The petition as amended substantially avers that, for the purpose of inducing the plaintiff to enter into the release, the defendant's agent made to her representations which were material and false, which she did not know were false, and which induced her to settle her claim to her injury and loss. We do not conceive this to be a case where the parties had equal opportunity of ascertaining the truth or falsity of the statements alleged to have been made. We do not agree with counsel for the defendant in error that this case is controlled by the rulings in *Morrison* v. *Colquitt County,* 176 *Ga.* 104 (167 S. E. 321), and *Howard* v. *Georgia Home Ins. Co.,* 102 *Ga.* 137 (29 S. E. 143). The facts of those cases clearly distinguish them from the case at bar. We hold that the court erred in sustaining the demurrers as amended to the petition as amended and in dismissing the case.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*

ON MOTION FOR REHEARING.

MacINTYRE, J. We have stricken two lines in one place in the opinion, and the word "probable" in another place therein, but have adhered to the result. In his motion for a rehearing, the movant contends: "In making the statement in the decision in this case that Belvin, by setting up the release, ratified Massey's fraudulent representations, the court overlooked the fact that nowhere does the petition show that Massey himself obtained the release, nor does it show that Belvin himself did not obtain the release, nor that in obtaining the release Belvin, or any one acting for him, had knowledge of Massey's representations. Had the petition shown that Massey procured the release Belvin's pleading of the release would undoubtedly have been a ratification of the act of Massey in procuring it, but in the absence of an allegation that Massey procured the release such a pleading would not be a ratification of the act of Massey on the part of Belvin." We think the petition in effect at least alleges that Massey, the agent for the insurance company, made certain false and fraudulent representations in obtaining the release and that the insurance company, the indemnitor of the defendant, paid to the plaintiff $645 on

account of this claim, for the release (see paragraph 33 f. of the petition as shown in the opinion) and the defendant then pleaded this release as an accord and satisfaction. When the defendant pleaded this release, thus obtained, he ratified the whole transaction of the obtaining of the release. He could not ratify such parts as might be beneficial to him and repudiate such parts as might be detrimental to his interest. He must take it or reject it as he found it. Thus we think that Belvin's pleading of the release, after his indemnitor, through its agent or agents, negotiated said release and paid its money therefor, was a ratification of the acts of the indemnitor's agent, Massey, or of any other agent of the indemnitor who took part in this transaction. *Bryant* v. *Booze,* 55 *Ga.* 438; Jackson *v.* Penn. Ry. Co., 66 N. J. L. 319 (49 Atl. 730, 55 L. R. A. 87).

*Rehearing denied. Broyles, C. J., and Guerry, J., concur.*