ALFORD *v.* ALFORD.

No. 14978.   OCTOBER 7, 1944.

*Neely, Marshall & Greene,* for plaintiff.

*J. D. Tindall, Clint W. Hager,* and *J. F. Kemp,* for defendant.

GRICE, Justice. Counsel for the plaintiff in error say in their brief that they are not insisting upon any recovery for the overpayment referred to in the petition. This leaves for consideration

only the question whether or not the plaintiff in error is entitled to any of the equitable relief prayed for. If he can obtain complete and adequate relief in the suit now pending between the parties in the civil court of Fulton County, then the door of equity is not open to him. His suit sets out that the contract under which Mrs. Alford is suing him in the civil court of Fulton County has been satisfied by a subsequent agreement, which has been fully performed. This is a defense which he could make in that court under a plea of accord and satisfaction. Code, § 20-1201. Hence, although that court is without jurisdiction to order cancellation, it has full power to grant the plaintiff in error, in the suit now pending therein, all the relief to which he is entitled; and this being true, there is no ground for the exercise of equity's jurisdiction. *Webb-Harris Auto. Co.* v. *Industrial Acceptance Corp.,* 164 *Ga.* 54 (137 S. E. 770); *American Security Co.* v. *Miller,* 173 *Ga.* 82 (159 S. E. 692); *Penn Mutual Life Ins. Co.* v. *Childs,* 189 *Ga.* 835 (7 S. E. 2d, 907).

Counsel's brief contains the further statement that the basis for the equitable intervention is not only for the cancellation of the original agreement, but is also to prevent a multiplicity of suits. An examination of the petition does not bear out this statement. Relief is not sought on the idea of preventing a multiplicity of suits; nor does the petition contain an allegation that the defendant threatens or intends to file other suits against him. The petition was properly dismissed.

*Judgment affirmed. All the Justices concur.*