### 21422. FIRST OF GEORGIA FIRE & CASUALTY COMPANY *et al.* v. MADDOX.

QUILLIAN, Justice. This is an action in which the plaintiff sued three defendants whose concurrent negligence caused an automobile collision in which she was injured. The defendants plead accord and satisfaction, and alleged in their answers that the plaintiff had signed a release absolving one of the defendants of liability. In response to the answers, the plaintiff filed an amendment, in which she alleged that the release was invalid and should be canceled because it was fraudulently obtained by a claims adjuster, was without consideration, and signed at a time when the claims adjuster knew she was incapable of transacting business. The claims adjuster was alleged to be employed by a party who represented the insurance company that carried the liability insurance of the defendant whom the document purported to release from liability.

The amendment, in addition to the averment concerning the invalidity of the release, undertook to set forth an action against the claims adjuster, his employer, and the insurance company for fraud and deceit. The amendment plead that it was necessary for the plaintiff to seek the aid of equity in order to obtain a decree canceling the release, and for this purpose the claims adjuster, his employer, and the insurance company were necessary parties to the action, and in order that the plaintiff be afforded complete relief by obtaining a judgment against them for fraud and deceit.

The defendants objected to the amendment on several grounds,

among which was that it showed no cause for equitable relief, and that it undertook to set forth a new and distinct cause of action against other defendants than the cause of action that was alleged, and the defendants that were named, in the original petition. To the order overruling their objections the defendants excepted. *Held*:

1. It was not necessary that the claims adjuster, his employer, or the insurance company be made parties to the action in order that the release be avoided. The only parties to the instrument were the plaintiff and the one defendant it purported to release. When the defendants plead the release they ratified the acts of the claims adjuster who obtained it, and he became their agent (*Jordan v. Belvin*, 57 Ga. App. 719, 722, 196 SE 132); so that they had imputed to them the claims adjuster's knowledge of the entire transaction involving the execution of the release. *Hillyer v. Brogden*, 67 Ga. 24, 26; *Finch v. Hill*, 146 Ga. 687 (92 SE 63); *Globe & Rutgers Fire Ins. Co. v. Walker*, 150 Ga. 163 (103 SE 407); *Code* §§ 4-309 and 4-311.

2. It was not necessary that the plaintiff resort to equity in order to plead the invalidity of the release on any ground, including those set forth in the amendment. This conclusion finds support in decisions of this court. *Central of Ga. Ry. Co. v. Tankersley*, 133 Ga. 153 (2) (65 SE 367); *Webb-Harris Auto Co. v. Industrial Acceptance Corp.*, 164 Ga. 54 (137 SE 770); *Simpson v. McMillan*, 150 Ga. 119, 120 (102 SE 825); *Alford v. Alford*, 198 Ga. 424, 426 (31 SE2d 785).

Particularly applicable in principle, though not written in reference to a release of liability, is the pronouncement of *Alford v. Alford*, supra: "Hence, although that court is without jurisdiction to order cancellation, it has full power to grant the plaintiff in error, in the suit now pending therein, all the relief to which he is entitled; and this being true, there is no ground for the exercise of equity's jurisdiction."

3. The amendment was, for the reasons assigned in the foregoing syllabus, erroneously allowed.

4. There were demurrers directed against allegations of the amendment. Since the amendment goes out of the case, we deem it unnecessary to pass upon those demurrers.

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 9, 1961—DECIDED NOVEMBER 9, 1961.

418

*Cumming, Nixon, Eve, Waller & Capers,* for plaintiffs in error.
*Randall Evans, Jr.,* contra.