Rudolf A. Renfer, Jr., Asst. U.S. Atty., Raleigh, N.C., for FmHA.

**In re George Marshall TYNDALL, SS#: 242–62–7028, Mittie Grace Tyndall, SS#: 243–66–5501, Debtors.**

**Bankruptcy No. 87–00027–S03.**

United States Bankruptcy Court, E.D. North Carolina.

March 21, 1989.

MEMORANDUM OPINION
AND ORDER·

A. THOMAS SMALL, Bankruptcy Judge.

The matters before the court are the request filed on January 4, 1989, by the chapter 12 debtors to have their bankruptcy case dismissed and the "Notice of Default Under Chapter 12 Plan" filed on January 10, 1989, by the chapter 12 trustee. After proper notice, a telephonic hearing was held on March 9, 1989. The issue presented is whether the debtors have the right to have their bankruptcy case dismissed so as to prevent the trustee from

liquidating collateral securing a debt to Farmers Home Administration ("FmHA") in accordance with the terms of the debtors' modified chapter 12 plan.

## FACTS

The debtors filed their petition for relief under chapter 12 of the Bankruptcy Code on January 5, 1987. The debts listed on the debtors' schedules totalled approximately $113,000; FmHA was the largest creditor listed with a debt owed of $73,000 secured by a residence with a claimed value of $30,000 and equipment claimed to be worth $22,500. The debtors filed their chapter 12 plan on April 6, 1987, and FmHA filed an objection to confirmation on May 8, 1987. That objection was subsequently withdrawn and the debtors' plan was confirmed with some modifications in an order entered June 26, 1987.

The confirmed plan provided for the payment of FmHA's claim over twenty years, with the first payment coming due on December 1, 1987. On January 4, 1988, the debtors filed a motion to modify their chapter 12 plan so as to extend the payment due dates set forth in the plan; according to the debtors, the modification was necessitated by a crop failure which was due to defective seed they had purchased. FmHA filed an objection to the proposed modification on January 12, 1988. On May 24, 1988, a consent order, signed by FmHA, was entered which granted a five month extension of the time for the debtors to make their plan payments. The consent order also contained the following language which was not part of the original confirmed plan:

> That in the event of default upon any payment or obligation due under the Plan or the order confirming the Plan, as such plan or order is modified hereby or under any further modification, to a secured creditor for a period of thirty (30) days and the default is not cured by payment within such period, such secured creditor is hereby granted relief from the automatic stay provisions of 11 U.S.C. Section 362 and authorized to repossess or foreclose on the collateral securing the claim, or, in the alternative, at the election of the secured creditor, the Trustee is hereby authorized to sell the collateral securing the claim of such creditor and the Trustee shall, upon demand of the creditor, issue a notice of sale and liquidate the property concerned.

On December 21, 1988, the chapter 12 trustee filed a motion to have the debtors' case converted to one under chapter 7 of the Bankruptcy Code based upon the debtors' failure to file monthly reports; the motion alleged that this failure constituted an attempt to defraud the court. On January 4, 1989, the debtors filed a response to the trustee's motion to convert in which they asked that their chapter 12 case be dismissed. In support of their request for dismissal, the debtors alleged that they were no longer engaged in farming and that they had substantially complied with the provisions of their plan through 1988. On January 10, 1989, the trustee filed a withdrawal of his motion to convert which stated that grounds for that motion no longer existed. On that same date, the trustee also filed a "Notice of Default Under Chapter 12 Plan" which stated that, because the debtors had not made payments due to FmHA on December 1, 1988, and January 1, 1989, the trustee would liquidate the collateral securing FmHA's debt in accordance with the terms of the debtors' chapter 12 plan.

On February 13, 1989, FmHA filed an objection to the debtors' motion to dismiss their case. That objection asserted that the language in the consent order giving FmHA the right to have the trustee sell their collateral in the event of a default had been included as part of a negotiated agreement in which FmHA consented to an extension of the due date on the debtors' plan payments. The debtors have not denied that they agreed to the inclusion of the provision authorizing the trustee to liquidate FmHA's collateral in order to obtain FmHA's consent to the extension of their payment due date.

## DISCUSSION AND CONCLUSIONS

Section 1208(b) of the Bankruptcy Code states the following:

> On request of the debtor at any time, if the case has not been converted under section 706 or 1112 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

Although the court is unaware of any published decisions construing § 1208(b), a number of courts have considered whether the virtually identical language of 11 U.S. C. § 1307(b)[1] gives a chapter 13 debtor an absolute right to dismiss his case at any time. Although some courts have held that § 1307(b) confers an absolute right of dismissal even if competing motions are pending, *e.g.*, *In re Looney*, 90 B.R. 217 (Bankr. W.D.Va.1988); *In re Rebeor*, 89 B.R. 314 (Bankr.N.D.N.Y.1988), other courts have construed § 1307(b) more restrictively. For instance, in *In re Vieweg*, 80 B.R. 838, 840 (Bankr.E.D.Mich.1987), the court, in holding that it had the authority to grant a creditor's motion to convert a chapter 13 case despite the presence of the debtor's motion to dismiss, stated that § 1307(b) "does not govern the time or manner by which the court must act" on the debtor's dismissal motion. In *In re Merritt*, 39 B.R. 462, 465 (Bankr.E.D.Pa.1984), the court held that, while the right of dismissal under § 1307(b) is absolute, the court has the authority to delay the entry of the dismissal order so that orders may first be entered protecting rights gained "in reliance on the pendency of the bankruptcy." *See also In re Tatsis*, 72 B.R. 908 (Bankr.W.D. N.C.1987).

This court agrees with those decisions which have held that § 1307(b) does not prevent the court, under appropriate circumstances, from delaying entry of a voluntary dismissal in order to protect creditor rights. The same interpretation should be applied to § 1208(b).[2]

In the present case, the court is of the opinion that it is appropriate to delay entry of the order of dismissal in order to permit FmHA to exercise its right, as provided for in the debtors' modified confirmed plan, to have the trustee sell the property securing the debt to FmHA. FmHA's right to have a trustee's sale of its collateral in the event of a default was obtained as part of a consent order in which the debtors were given an extension of time in which to make payments due to FmHA. Having had the benefit of that extension and the protection of the Bankruptcy Code since their petition was filed in January of 1987, the debtors should not be permitted to rely on § 1208(b) to deny FmHA the rights granted it under the confirmed plan.[3]

On January 17, 1989, the debtors filed a response in opposition to the trustee's notice of his intention to liquidate the collateral of FmHA. Among other things, the debtors contend that the thirty day period for curing a default should be extended because the filing on December 21, 1988, of the trustee's conversion motion led the debtors to withhold payments due under the plan. The court believes that the debtors should be given one more chance to get current on their payments due to FmHA before the trustee is permitted to liquidate

---

1. 11 U.S.C. § 1307(b) states: "On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable."

2. *See* 3 *Norton Bankruptcy Law and Practice* § 83.09 (1987).

3. In *In re Allen*, Case No. 87–00185–M08 (Bankr. E.D.N.C.1989), the Chief Bankruptcy Judge in this district, the Honorable Thomas M. Moore, ruled from the bench that there was an absolute right to dismiss under § 1208(b). (The written order allowing dismissal in that case has not yet been entered.) In *Allen*, as in the present case,

the debtors' confirmed plan authorized the trustee to sell collateral in the event of a default. However, *Allen* is distinguishable from the present case because the language authorizing the trustee's sale in *Allen* is permissive, not mandatory. The order in *Allen* modifying the debtors' chapter 12 plan entered April 22, 1988, states that in the event of a default "the Trustee *may* issue notice of sale of the property securing that debt which is in default." (Emphasis added.) In the present case, the modified plan provides that the trustee "*shall*, upon demand of the creditor, issue a notice of sale and liquidate the property concerned." (Emphasis added.)

FmHA's collateral. The debtors will be allowed ten (10) days from the date of entry of this order to cure their default, failing which the trustee will be authorized to liquidate the collateral. Upon the curing of the default or the sale of the collateral, the debtors' request to dismiss their chapter 12 case shall be granted.

SO ORDERED.