**In re Murrell D. FOSTER and Carolyn Foster, Debtors.**

**Murrell D. FOSTER and Carolyn Foster, Appellants,**

**v.**

**NORTH TEXAS PRODUCTION CREDIT ASSOCIATION, Appellee.**

**Bankruptcy No. 589–50331.**

**Civ. A. No. CA 5–90–233–C.**

United States District Court, N.D. Texas, Lubbock Division.

Dec. 27, 1990.

M. Corinne Corley and Richard Alexander of Arens & Alexander, Fayetteville, Ark., Robert William St. Clair of Curry, Curry & Robinson, Tom R. King, Lubbock, Tex., for appellants.

Harlin Dewayne Hale and Alan Scott Trust of Hale, Spencer, Stanley, Pronske & Trust, Dallas, Tex., for appellee.

ORDER

CUMMINGS, District Judge.

Came on to be heard the appeal from the order of the Bankruptcy Court denying the debtors' motion to dismiss the chapter 12 proceedings and granting the motion of North Texas Production Credit Association to convert to a liquidation under chapter 7 of the Bankruptcy Code. After considering the argument of counsel, together with the review of the transcript of proceedings before the Bankruptcy Court, the Court is of the opinion that the order converting the case to a chapter 7 proceeding should be in all things AFFIRMED.

This Court adopts as its findings those set forth in the transcript of proceedings before the Bankruptcy Court beginning on page 57 thereof. The Court agrees with the reasoning set forth in the case of *In re Graven,* 101 B.R. 109 (Bankr.W.D.Mo. 1989). When the facts show that the debtors have abused the legal process and the bankruptcy process through fraud, the bankruptcy court has the authority to convert a chapter 12 proceeding to a chapter 7 liquidation, even though the debtors have filed a motion to dismiss the chapter 12 proceeding. The debtors in the case *sub judice* have used the bankruptcy proceedings as a subterfuge and as a "shell game," reflecting a pattern of intent to hinder, delay and defraud creditors.

This Court hereby lifts the temporary stay and dissolves the temporary injunction heretofore ordered on December 4, 1990.

SO ORDERED.