**In re Thomas E. COTTON, Debtor.**

**Thomas E. COTTON, Appellant,**

**v.**

**BANKSOUTH, N.A., Appellee.**

**Civ. A. Nos. 91–253–3–MAC (WDO), 91–366–4–MAC (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

Feb. 6, 1992.

Tony James Foss, Athens, Ga., for debtor.

Thomas E. Cotton, pro se.

Theodore Brown, Jr., Duncan A. Roush, Atlanta, Ga., for appellee.

## OPINION

OWENS, Chief Judge.

Before the court is an appeal of two orders issued by the bankruptcy court. The first order, dated March 8, 1991, scheduled a hearing in which debtor was to show cause as to why the settlement agreement at issue in this case should not be enforced. An appeal of this order has been rendered moot because the bankruptcy court ruled that the settlement agreement should be enforced by order dated May 13, 1991, the other order appealed in this case. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court makes the following findings of fact and conclusions of law as to the May 13, 1991 order of the bankruptcy court. 127 B.R. 287.

## FACTS

Thomas E. Cotton, debtor, filed a petition under Chapter 12 of the Bankruptcy Code on June 5, 1989. Debtor and BankSouth are in a dispute over the amount that debtor owes to appellee BankSouth[1], and debtor asserts various claims against BankSouth.[2]

After lengthy negotiations, debtor and BankSouth agreed to a settlement. The terms of the settlement were read into the record on April 27, 1990, and all parties agreed to the terms.[3] However, the parties had difficulty in implementing the settlement, and debtor finally filed a motion for approval of the settlement on December 21, 1990. The bankruptcy court set January 31, 1991, as a date upon which to determine whether the court should approve the settlement.

Two days before the hearing, on January 29, 1991, debtor filed a withdrawal of its motion for approval of the settlement, and on January 30, he filed a request for voluntary dismissal under 11 U.S.C. § 1208(b).[4] BankSouth filed an objection to debtor's withdrawal of its motion for approval of the settlement and requested specific performance of the settlement.

The court stayed debtor's request for voluntary dismissal until it could determine whether a binding settlement between the

1. BankSouth asserts a secured claim of $177,890.19. Debtor admits to only $64,000 of this amount.

2. Debtor has an attorney who is willing to represent him on a contingency basis in a civil action against BankSouth alleging RICO, theft by deception, and damages to reputation. These claims are based on the fact that when he dealt with BankSouth, he dealt almost exclusively with one officer. This officer was later discovered to have committed certain wrongful acts, some of which were related to debtor's account, while employed at BankSouth. BankSouth filed a complaint against this officer in April, 1990, and obtained a judgment against him. Debtor now contends that this officer is judgment proof.

3. Under the settlement, the debtor's indebtedness is reduced to $80,000, secured by two pieces of property owned by debtor. Debtor is to release his interest in certain spray washers that are one subject of dispute, and debtor and his wife are to release all claims they may have against BankSouth.

4. Debtor, apparently, had just learned that BankSouth had obtained a judgment against its former officer, and debtor asserts that he would not have agreed to the settlement if he had known this information.

parties had been reached. In a hearing on May 13, 1991, the court determined that debtor could not unilaterally rescind the settlement agreement and approved the settlement. The court then held that the request for a voluntary dismissal would not be granted until the settlement had been implemented. Debtor appeals this order.

## DISCUSSION

Appellant debtor challenges the order of the bankruptcy court on the following four grounds:[5] 1) the court erred in staying the court's decision on debtor's request for voluntary dismissal until the court had determined whether to approve the settlement; 2) the court erred in refusing to allow debtor to withdraw his motion for approval of the settlement; 3) the court erred in approving the settlement; and 4) the court erred in conditioning the dismissal of debtor's case on the implementation of the settlement.

■ First, debtor claims that the bankruptcy court erred in staying debtor's request for dismissal until the court could determine whether to approve the settlement. This argument is based upon 11 U.S.C. § 1208(b), which states, "On request of the debtor at any time, ... the court shall dismiss a case under this chapter." Debtor claims that this provision gives him an absolute right to dismiss at any time.

However, "nothing in [this provision] requires that a court act immediately upon a debtor's request for a voluntary dismissal." *In re Graven*, 936 F.2d 378, 385 (8th Cir. 1991). A court may delay its decision on the dismissal request while it considers other motions. *Id.* (holding that court could delay granting debtor's motion to dismiss until ruling on creditor's motion to convert); *In re Tyndall*, 97 B.R. 266 (Bankr. E.D.N.C.1989) (delaying entry of voluntary dismissal order to protect creditor's rights). Hence, the court did not err in delaying its decision on debtor's dismissal motion until it could rule on the settlement.

■ Second, debtor claims that the court erred in refusing to allow debtor to withdraw its motion for approval of the settlement. However, a debtor's agreement to compromise is binding upon all parties to the agreement pending court approval of the agreement. *In re Tidewater Group, Inc.*, 8 B.R. 930 (Bankr.N.D.Ga. 1981). Thus, debtor cannot withdraw its motion for approval of settlement unless he has grounds for unilateral rescission of the agreement.

■ Under Georgia law, a party may unilaterally rescind a contract if he can show actual or constructive fraud. *Jordan v. Belvin*, 57 Ga.App. 719, 196 S.E. 132 (1938). A finding of the existence or nonexistence of fraud is a finding of fact, and this finding is not to be set aside unless it is clearly erroneous. *First Alabama Bank, N.A. v. First State Ins. Co.*, 899 F.2d 1045, 1057 (11th Cir.1990).

Debtor claims that during the settlement negotiations, BankSouth should have disclosed to him that BankSouth had brought a civil action against a former BankSouth officer with whom debtor had dealt when he conducted his business at BankSouth. Debtor contends that this failure to disclose amounted to fraud; therefore, he should be able to rescind the settlement.

However, as the complaint against the BankSouth officer was a matter of public record and BankSouth and debtor were adverse parties, the bankruptcy court found that debtor did not establish actual or constructive fraud. *In re Cotton*, 127 B.R. 287, 291 (Bankr.N.D.Ga.1991). The bankruptcy court's finding that debtor did not establish fraud is not clearly erroneous; thus, the court did not err in refusing to allow debtor to withdraw its motion for approval of settlement.

■ Third, debtor claims that the bankruptcy court erred in approving the settlement. In determining whether to approve a settlement, the court must consider the following factors:

1) the probability of success of the litigation;

---

**5.** Debtor also includes a list of 15 claims of error which he filed with the court when he was not represented by counsel. Those claims with merit are incorporated within the four grounds addressed in this opinion.

2) the difficulties, if any, to be encountered in the matter of collection;

3) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it; and

4) the interests of creditors and a proper deference to their views.

*In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990).

The bankruptcy court found that the terms of the settlement were in accord with the probability of success of the litigation. *Cotton*, at 12. This finding is not clearly erroneous. BankSouth's total claim against debtor is approximately $177,800, and debtor has conceded that $64,000 of this claim is not in dispute. The terms of the settlement reduce BankSouth's claim to $80,000. Debtor, on the other hand, has made unsupported assertions of wrongdoing by BankSouth. Thus, the probability of success of litigation is comparable to the terms of the settlement.

The bankruptcy court also found that if the settlement is not approved, the parties will have to engage in complex, lengthy, and expensive litigation, and that settlement was in the best interests of debtor and BankSouth. *Cotton*, at 12–13. None of these findings are clearly erroneous; therefore, the bankruptcy court did not err in approving the settlement between debtor and BankSouth.

■ Finally, debtor challenges the bankruptcy court's conditioning dismissal of the case upon debtor's implementation of the settlement. The situation in the case at bar is similar to that in *In re Tyndall*, 97 B.R. 266 (Bankr.E.D.N.C.1989). In *Tyndall*, the debtors filed under Chapter 12 of the Bankruptcy Code, and their plan was confirmed by the court on June 26, 1987. Under the plan, the trustee was authorized to sell collateral in the event of debtors' default upon any of their obligations. Debtors defaulted and filed a motion for voluntary dismissal under 1208(b).

The court held that an entry of the order of dismissal would be delayed until the creditor could exercise its rights to have the trustee sell the collateral. "Having

had ... the protection of the Bankruptcy Code [for two years], the debtors should not be permitted to rely on § 1208(b) to deny [the creditor] the rights granted it under the confirmed plan." *Id.* at 268.

In the case at bar, debtor has had the protection of the Bankruptcy Code since he filed under Chapter 12 on September 5, 1989. Moreover, the parties went through extensive negotiations to reach a settlement to which all parties consented and of which the bankruptcy court ultimately approved. Debtor should not be permitted to avoid its obligations under this settlement agreement through a § 1208(b) dismissal. Bankruptcy laws are not and never have been "intended to shield those parties who have attempted to hinder, delay or defraud their creditors." *In re Graven*, 101 B.R. 109, 112 (Bankr.W.D.Mo.1989), *aff'd*, 936 F.2d 378 (8th Cir.1991). Thus, the bankruptcy court did not err in conditioning dismissal of the case upon debtor's implementation of the settlement agreement.

For the foregoing reasons, the appeal of the order of the bankruptcy court dated March 8, 1991, has been rendered moot and is DISMISSED. The order dated May 13, 1991, is AFFIRMED.

SO ORDERED.