**In re Thomas E. COTTON, Debtor.**

**Thomas E. COTTON, Plaintiff–Appellant,**

v.

**BANK SOUTH, N.A., Defendant–Appellee.**

**No. 92–8247.**

United States Court of Appeals, Eleventh Circuit.

May 28, 1993.

Theodore Brown, Jr., Duncan A. Roush, Kilpatrick & Cody, Atlanta, GA, for defendant-appellee.

Before BLACK and CARNES, Circuit Judges, and RONEY, Senior Circuit Judge.

RONEY, Senior Circuit Judge:

■ The question presented on this appeal is whether a Chapter 12 debtor, who has agreed with a major creditor to a settlement that has not yet been confirmed by the bankruptcy court, has a right to an immediate dismissal of his case upon request under 11 U.S.C. § 1208(b). We hold that the debtor does have a right to immediate dismissal, provided that the case has not been converted to an involuntary proceeding and the debtor has not engaged in fraud that would make immediate dismissal unjust. We therefore reverse the judgment of the district court, 136 B.R. 888, which upheld the bankruptcy court's decision to stay the dismissal until after the settlement was confirmed and to condition dismissal on compliance with the approved settlement.

Chapter 12 of the Bankruptcy Code provides that a debtor may file a voluntary petition to go through bankruptcy. 11 U.S.C. § 1208(b) provides that such a case shall be dismissed upon request "at any time" if it has not been converted: "On request of the debtor at any time, if the case has not been converted under section 706 or 1112 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable." Debtor Thomas E. Cotton's case had not been converted when he filed a proper request for dismissal under this provision. He was entitled by the clear language of this section to have his case dismissed.

Debtor Cotton filed a voluntary petition for relief under Chapter 12 of the Bankruptcy Code on June 5, 1989. Cotton and major creditor Bank South entered into a settlement agreement concerning the bank's claim. Its terms were read into the bankruptcy court record on April 27, 1990. The parties had difficulty in implementing the agreement and Cotton filed a motion for approval of the settlement on December 21, 1990. The bankruptcy court set January 31, 1991, as the date upon which to determine whether the court should approve the settlement. Two days before the hearing, on January 29, 1991, Cotton filed a withdrawal of his motion for approval of the settlement, and on January 30 he filed a request for voluntary dismissal under 11 U.S.C. § 1208(b).

Bank South filed an objection to Cotton's withdrawal of his motion for approval of the settlement and requested specific performance of the settlement. The bankruptcy court stayed Cotton's request for voluntary dismissal until it could determine whether the parties had reached a binding settlement. In a hearing on May 13, 1991, the bankruptcy court determined that the parties had reached a binding settlement and that Cotton could not unilaterally rescind that agreement. It approved the settlement.

The court then held that Cotton's request for voluntary dismissal would not be granted until he had complied with the terms of the settlement. The district court affirmed the bankruptcy court's order.

It is undisputed that this case has not been converted from a voluntary Chapter 7 proceeding, and there was no finding of any fraud or abuse of the court by the debtor. Although under the terms of § 1208(b) a debtor is entitled to dismissal of the case without asserting any reason, the district court's order reflects what happened in this case. Cotton and the bank were in controversy over the amount of the bank's secured claim. Cotton apparently dealt almost exclusively with one bank officer. It was later discovered that that officer committed certain wrongful acts, some of which were related to Cotton's account. Shortly before the scheduled hearing on Cotton's motion for approval of the settlement, Cotton learned that the bank had obtained a judgment against the officer. He asserts that he would not have agreed to the settlement if he had known this earlier. Although the bank might dispute his allegations, Cotton was entitled to a dismissal under the statute, whereupon the bankruptcy court would lose jurisdiction of any controversy between Cotton and the creditor bank.

To justify a delay in granting the dismissal, the district court relied upon *In re Graven*, 936 F.2d 378 (8th Cir.1991). But that case involved charges of fraud which the court was entitled to consider before entering a dismissal.

> [O]nce fraud has become an issue in a case, the court may delay action on a section 1208(b) motion for dismissal long enough to allow an investigation of the alleged fraud. If fraud is shown, the court may, under 11 U.S.C. § 1208(d), convert the Chapter 12 case to Chapter 7 despite the debtor's motion to dismiss.

There was no evidence in this case of fraud which would justify converting this proceeding to an involuntary bankruptcy. The only thing the court considered was whether Cotton was bound by the settlement agreement. Whether he was or not could not be decided by the bankruptcy court once there was a legal request for dismissal.

The bankruptcy court should have given effect to the plain language of 11 U.S.C. § 1208(b) and dismissed the case upon the debtor's request.

**REVERSED.**