In re **LYONS TRANSPORTATION LINES, INC., et al.,** Debtor.

Vedder J. **WHITE,** Trustee, Plaintiff,

v.

C.B. **HANNAY CO.,** Defendant.

**Bankruptcy No. 90–00768E.**
**Adv. No. 92–0031.**

United States Bankruptcy Court, W.D. Pennsylvania.

Feb. 8, 1994.

---

Thomas J. Minarcik, Erie, PA.

Phillip G. Steck, Albany, N.Y.

## MEMORANDUM

WARREN W. BENTZ, Bankruptcy Judge.

Before the Court is the Trustee's Motion to Enforce Settlement Agreement. On March 17, 1992, the Trustee filed a Complaint against C.B. Hannay Co. ("Hannay") to recover $17,050.85 in freight tariff undercharges and $1,453.08 in unpaid accounts receivable. On April 15, 1992, Hannay served its answer and paid $1,453.08 to the Trustee for accounts receivable.

After this Court entered an Order granting Hannay's motion for referral to the Interstate Commerce Commission ("ICC") and requiring Hannay to institute proceedings before the ICC, Hannay offered and the Trustee agreed to accept $3,836.44 in full settlement of the controversy. The Trustee filed a Motion for Approval of Compromise on November 23, 1993. After evaluating the propriety of the proposed settlement, the Court was prepared to docket an order approving it, when on December 10, 1993, Hannay filed its request that the settlement not be approved, pointing out that on December 3, 1993, the President signed the Negotiated Rates Act ("Rates Act") into law. Negotiated Rates Act, Pub.L. No. 103–180, 107 Stat. 2044 (1993). The Trustee now seeks to enforce the settlement.

The Rates Act strengthens the protection for shippers from the claims of bankruptcy trustees for freight undercharges. Hannay asserts that the Rates Act exempts it from such claims. The Trustee, however, points out that § 2(f) of the Rates Act provides:

(f) PRIOR SETTLEMENTS AND ADJUDICATIONS.—Any claim that, but for this subsection, would be subject to any provision of this Act (including any amendment made by this Act) and that was settled by mutual agreement of the parties to such claim, or resolved by a final adjudication of a Federal or State court before the date of the enactment of this Act shall be treated as binding, enforceable, and not contrary to law, unless such settlement

was agreed to as a result of fraud or coercion.

107 Stat. 2044, 2048–49.

In the present case, the parties, each represented by counsel, negotiated a mutual agreement to settle this controversy prior to enactment of the Rates Act.

■ Absent actual or constructive fraud, a settlement agreement is binding as between the parties pending the required bankruptcy court approval. *In re United Shipping Co.,* 1989 WL 12723 (Bankr.D.Minn. 1989); *In re Cotton,* 127 B.R. 287 (Bankr. M.D.Ga.1991) *aff'd.,* 136 B.R. 888 (M.D.Ga. 1992) *rev'd. on other grounds,* 992 F.2d 311 (11th Cir.1993). The only hint of fraud raised by Hannay is that "[t]he Trustee probably was informed of the pending legislation and the possibility of its imminent approval, yet still chose to negotiate a settlement under such circumstances."

Both counsel for Hannay and counsel for the Trustee were free to conduct research on the proposed legislation prior to the agreement.

Thus, the negotiations which took place between the parties which culminated in a mutual agreement cannot be considered fraudulent.

We now consider approval of the settlement.

■ The agreement which the parties entered into was appropriate at the time considering the range of probabilities, the degree of uncertainty, and the costs of continued litigation. In view of § 2(f) of the Rates Act, Hannay cannot retract the settlement to which it had agreed. No doubt the reason for § 2(f) is that there were countless similar actions pending throughout the country at the time of passage of the Rates Act, and such language was included to prevent relitigation of settlements which had already been negotiated.

■ Accordingly, the Trustee's Motion for Approval of Compromise of Disputed Claims and the Trustee's Motion to Enforce Settlement Agreement will be granted. The Trustee will not be awarded pre-judgment interest, filing fees and costs as this matter

was of substantial importance to the overall estate and to award the Trustee such expenses against Hannay alone is inappropriate. A separate order will be entered.

### ORDER

This 8th day of February, 1994, in accordance with the accompanying Memorandum, it shall be, and hereby is, ORDERED that judgment is entered in favor of the Trustee of Lyons Transportation Lines, Inc. and against C.B. Hannay Co. in the amount of $3,836.44