**In re Benon Frederick NEAL, et al., Debtors.**

**Bernon Frederick NEAL, et al., Appellants,**

v.

**WESTERN FARM CREDIT BANK, et al., Appellees.**

**Civ. No. 94–C–853B. Bankruptcy No. 94C–20015.**

United States District Court, D. Utah, Central Division.

April 14, 1995.

Grant W.P. Morrison, Salt Lake City, UT, for appellants.

Jeffrey L. Shields and Andres Diaz, Salt Lake City, UT, for appellees.

**OPINION AND ORDER**

BENSON, District Judge.

*Introduction*

Appellants and debtors Bernon Frederick Neal and Janice Ethel Rao Neal appeal the final order and judgment of the United States Bankruptcy Court, District of Utah,

Central Division, entered June 9, 1994, in the above-captioned case. The parties have submitted the matter to the Court for decision on the briefs. Being fully apprised, and for good cause appearing, the Court hereby enters the following opinion and order affirming the bankruptcy court.

### Factual and Procedural Background

Debtors operated a farm near Axtell, Utah. On January 3, 1994, debtors filed the instant case under Chapter 12 of the bankruptcy code. This was debtors' fifth voluntary bankruptcy petition—their fourth under Chapter 12—since 1987.

On February 28, 1994, the bankruptcy court granted relief from the automatic stay to Western Farm Credit Bank and Utah Production Credit Association, two of debtors' creditors and appellees herein. Once the stay was lifted, the parties proceeded with a state court action filed in the Sixth Judicial District Court of Sanpete County, Utah. That state case involved claims and counterclaims between the parties.

On March 24, 1994, debtors filed a request to dismiss their Chapter 12 proceeding pursuant to 11 U.S.C. § 1208(b). On March 29, 1994, appellees objected to dismissal and moved the bankruptcy court to convert the case to a Chapter 7 proceeding based on debtors' fraud, pursuant to 11 U.S.C. § 1208(d).

Between May 17 and May 25, 1994, the bankruptcy court held evidentiary hearings and heard arguments on the two motions. On May 27, 1994, the court ruled on the motions. It found debtors had committed fraud in connection with the bankruptcy cases, including numerous false oaths. Accordingly, it granted the trustee's motion to convert the case to a Chapter 7 proceeding. Because of the conversion based on fraud, the court denied debtors' motion to dismiss. The court entered its order memorializing the ruling on June 9, 1994. Debtors appeal that order.

### Analysis

11 U.S.C. § 1208(b) reads:

On request of the debtor at any time, if the case has not been converted under section 706 or 1112 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

Debtors argue that this section gives them an absolute right to dismissal at their request. They therefore argue on appeal that the bankruptcy court erred by denying their request and granting the trustee's motion to convert.

The trustee moved for conversion pursuant to 11 U.S.C. § 1208(d), which reads:

On request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter or convert a case under this chapter to a case under chapter 7 of this title upon a showing that the debtor has committed fraud in connection with the case.

The bankruptcy court ruled that this subsection allowed it to convert debtors' case to a Chapter 7 proceeding despite the seemingly absolute language of § 1208(b).

The issue raised on appeal is one of statutory interpretation, which is a pure question of law. Accordingly, the Court gives no deference to the bankruptcy court's interpretation, but reviews the issue de novo.

The few appellate and district courts that have addressed the question in reported cases have held that § 1208(b) does not prohibit a bankruptcy court from converting a case under § 1208(d). See Graven v. Fink (In re Graven), 936 F.2d 378 (8th Cir.1991); Cotton v. South (In re Cotton), 992 F.2d 311, 312 (11th Cir.1993); Foster v. North Texas Production Credit Association (In re Foster), 121 B.R. 961 (N.D.Texas 1990), aff'd, 945 F.2d 400 (5th Cir.1991), cert. denied, 502 U.S. 1074, 112 S.Ct. 972, 117 L.Ed.2d 136 (1992); In re Red Cliff Farms, Inc., Civ. No. 93–1472–PFK, 1994 WL 324560, 1994 U.S.Dist. LEXIS 9093 (D.Kan., June 23, 1994); see also In re Goza, 142 B.R. 766 (Bankr. S.D.Miss.1992). But see In re Davenport, 175 B.R. 355 (Bankr.E.D.Cal.1994).

The seminal case is, by all accounts, Graven v. Fink (In re Graven), 936 F.2d 378 (8th Cir.1991). The Graven court concluded

based on the language of the statute, the legislative history of the subsections, and the purposes and structure of the bankruptcy code that "a court [may] convert a case to Chapter 7 upon a showing of fraud even though the debtor has moved for dismissal under subsection (b)." *Id.* at 385. The court found this holding did not conflict with the express language of subsection (b) because nothing in the subsection required a court to act immediately on a dismissal request. *Id.* (citing *In re Tyndall,* 97 B.R. 266, 268 (Bankr.E.D.N.C.1989)). "Once fraud is found, the provisions of section 1208(d) are triggered and the court has the authority, under subsection (d), to dismiss the case or convert it to Chapter 7." *Id.* at 386.

This Court agrees with the conclusion of the *Graven* court, although traveling a different road to get there. *In re Graven* held that "the broad purpose of the bankruptcy code, including Chapter 12, is best served by interpreting section 1208(d) to allow a court to convert a case to Chapter 7 upon a showing of fraud even though the debtor has moved for dismissal under subsection (b)." *Id.* at 385. It supported that decision by resort to the language of subsection (b). *Id.* at 385–86. This Court applies the exact converse analysis.

Congress expresses its intent through statutory language. If the language of § 1208(b) requires dismissal, no amount of inquiry into the broad purposes of the bankruptcy code can undo that language. Congress arguably has never intended debtors who have committed fraud in relation to their bankruptcy cases to benefit by invoking procedural niceties in the Code. To the contrary, Congress has specifically vested the bankruptcy courts with authority to redress abuse of the court's processes. *See* 11 U.S.C. § 105(a). That fact is nevertheless irrelevant to the question of whether the language of § 1208(b) allows a court to convert a case when a debtor has requested dismissal.

The language of § 1208(b) is not ambiguous. There is therefore no need to look beyond the language of the statute itself to determine its meaning. Section 1208(b) clearly requires a bankruptcy court to dis-

miss a Chapter 12 proceeding upon request. Nevertheless, the language of § 1208(b) does not mandate *immediate* dismissal. *See In re Graven,* 936 F.2d at 385–86; *In re Red Cliff Farms, supra; In re Tyndall,* 97 B.R. at 268. That fact is central to the decision of this Court. If, before the bankruptcy court acts on the debtor's dismissal request, a party in interest requests a conversion pursuant to the provisions of section 1208(d), the bankruptcy court may act on that motion. Once the case has been converted to Chapter 7, there is no case pending under Chapter 12, and the debtors' request for dismissal becomes effectively moot. *See* 11 U.S.C. § 1208(b) ("On request of the debtor ... the court shall dismiss a case *under this chapter.*") (emphasis added).

The simple procedure of taking the debtor's motion under advisement is familiar to the bankruptcy courts. It is also consistent in this context with the express language of the bankruptcy code. Section 105(a) allows a bankruptcy court to "tak[e] any action ... necessary or appropriate.... to prevent an abuse of process." 11 U.S.C. § 105(a). That language justifies a court in taking a § 1208(b) request for dismissal under advisement while investigating allegations of fraud. *Cf. In re Graven,* 936 F.2d at 387 ("[T]he court may delay action on a section 1208(b) motion for dismissal long enough to allow an investigation of the alleged fraud.").

To the extent they are relevant, the structure and purposes of the bankruptcy code support this decision. To allow a Chapter 12 debtor to immediately dismiss a case after working a fraud upon the bankruptcy court would render § 1208(d)'s conversion provisions essentially meaningless.

In the instant case, the bankruptcy court addressed the debtors' request for dismissal and the trustee's motion to convert simultaneously. The court investigated the fraud allegations through a series of thorough evidentiary hearings. Finding good cause for the trustee's motion, the court converted the case to Chapter 7.[1] After converting the case, the bankruptcy court did not have a Chapter 12 case left. It therefore did not

---

**1.** The debtors have not challenged the bankrupt-    cy court's finding of fraud on this appeal.

err in declining to dismiss the case pursuant to § 1208(b).

### Conclusion

For the foregoing reasons, the decision and judgment of the bankruptcy court in this matter are AFFIRMED. IT IS SO ORDERED.