**In re Michael R. SPARKS, Debtor.**

**Bankruptcy No. 92 B 21692.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Jan. 18, 1996.

David A. Weininger, Chicago, IL.

Mitchell M. Iseberg, Chicago, IL.

Jeffrey Hynes, Adelman, Adelman & Murray, Milwaukee, WI.

David J. Lynam, Barrington, IL.

Cynthia G. Swiger, Chicago, IL.

Michael L. Gesas, Gesas, Pilati & Gesas, Ltd., Chicago, IL.

Kevin P. Doyle, Pray, Walker, Jackman, Williams & Marlar, Tulsa, OK.

David Axelrod, Schoenberg, Fisher & Newman, Ltd., Chicago, IL.

U.S. Office of the Trustee, Chicago, IL.

First National Bank of Chicago, Joseph M. Russell, Chicago, IL.

J. Weili Cheng, Marriott International, Inc., Washington, DC.

Michael R. Sparks, Sparks & Associates, Inc., Arlington Heights, IL.

John V. Del Gaudio, Jr., Chicago, IL.

Paula K. Jacobi, Schwartz, Cooper, Greenberger & Krauss, Chicago, IL.

Luanne Di Mauro, Internal Revenue Service, Chicago, IL.

James Newbold, Illinois Department of Revenue, Chicago, IL.

David P. Leibowitz, Michael P. O'Neil, Freeborn & Peters, Chicago, IL.

Lois Kulinsky, Lois Kulinsky & Associates, Ltd., Wheeling, IL.

Paul M. Bauch, Bell, Boyd & Lloyd, Chicago, IL.

James P. Wognum, Chicago, IL.

Jonathan A. Backman, Gould & Ratner, Chicago, IL.

## MEMORANDUM OPINION

RONALD BARLIANT, Bankruptcy Judge.

This case has been before this Court on many contested matters throughout its nearly three and one-half year history. Many of the issues that have been brought before this Court for decision involved disputes that the Court hoped the parties would have resolved on their own. One of the more persistent disputes involves the Debtor and Benjamin B. LeCompte III and Cathleen LeCompte (the "LeComptes"). The LeComptes lease the Debtor's palatial home in South Barrington, Illinois (the "Property") for approximately $10,000 per month. Consistent with the history of this case, conflicts have arisen concerning repairs and access to the Property. In addition, the LeComptes had an option to purchase the Property that became the subject of contention. It also had become apparent to all parties by the summer of 1995 that the Property would have to be sold in order to finance a plan of reorganization.

Much to this Court's surprise and pleasure, the Debtor announced in open court on August 17, 1995, that he had reached an agreement with the LeComptes resolving their disputes and providing for an auction of the Property. The terms of this settlement were to be incorporated into a plan of reorganization, which was filed on August 30, 1995, as the Debtor's Fifth Amended Plan of Reorganization and Disclosure Statement ("5th Plan"). The hearing on confirmation of the 5th Plan was set for September 28, 1995.

Just before that hearing, the Debtor received what he thought was a better offer for the Property. On September 26, 1995, the Debtor filed a modification of the 5th Plan that deleted all references to the settlement agreement with the LeComptes. The LeComptes, of course, vociferously objected to the proposed modifications and filed a Motion to Enforce Settlement Agreement. On November 13, 1995, this Court denied that motion holding that a settlement agreement is not enforceable unless approved by the bankruptcy court. Discontent with that decision, the LeComptes filed the present Motion to Alter or Amend under Rule 9023, arguing that this Court had misconstrued the law related to enforceability of settlement agreements in bankruptcy. For the reasons set forth below, this Court concludes that its initial determination was correct and denies the LeComptes' Motion to Amend or Alter its November 13, 1995 Order.

## DISCUSSION

■ The issue raised by this motion is clear: Is a settlement agreement enforceable against a debtor-in-possession absent bankruptcy court approval? The answer is not so clear, as is demonstrated by the limited, but fairly evenly split, authority. In three reported decisions the courts have concluded that under Bankruptcy Rule 9019, settlement agreements are not enforceable absent court approval. *In The Leslie Fay Cos., Inc.,* 168 B.R. 294 (Bankr.S.D.N.Y.1994); *In re Pugh,* 167 B.R. 251 (Bankr.M.D.Fla.1994); *In re Rothwell,* 159 B.R. 374 (Bankr.D.Mass.1993) (relying on *In re Lloyd, Carr and Co.,* 617 F.2d 882, 885 (1st Cir.1980) a case decided under the Bankruptcy Act and Bankruptcy Rule 9019(a)). The principal reason announced for requiring court approval is that creditors must be given notice of the agreement and an opportunity to object and the court must independently review the agreement to ensure that it is in the best interests of the estate.

On the other hand, three courts have concluded that a settlement agreement is enforceable against the debtor even prior to bankruptcy court approval. *In re United Shipping Co.,* 1989 WL 12723 (Bankr. D.Minn.1989); *In re Lyons Trans. Lines, Inc.,* 163 B.R. 474 (Bankr.W.D.Pa.1994); *In the Matter of Cotton,* 127 B.R. 287 (Bankr. M.D.Ga.1989), *aff'd,* 136 B.R. 888 (M.D.Ga. 1992), *rev'd on other grounds,* 992 F.2d 311 (11th Cir.1993). These courts reason that "[t]he absence of court approval does not

mean that the parties did not agree to the settlement. It only means that the court has not yet approved it. . . . The focus of Rule 9019 is to protect other creditors against bad deals made between one creditor and the debtor." *United Shipping*, 1989 WL 12723 *5. The LeComptes rely on this line of authority in support of their argument that "a settlement agreement is binding as between the parties pending the required bankruptcy court approval." Motion at p. 6.

One problem with all these decisions is that, as Judge Wedoff has pointed out:

Consistent with this legislative purpose, the Bankruptcy Code contains no requirement for judicial approval of settlements. . . . One of the rules of bankruptcy procedure, Fed.R.Bankr.P. 9019(a), provides a procedure for motions to settle, but it cannot create a substantive requirement for court approval that does not exist in the Code itself. Thus, unless the Bankruptcy Code requires court approval for the underlying action that the trustee seeks to accomplish, there should be no need for court approval of a settlement that effectuates that action. [*In re Telesphere Communications, Inc.*, 179 B.R. 544, 551–52 (Bankr.N.D.Ill.1994) ].

The statute that authorizes the Supreme Court to adopt bankruptcy rules specifies that such rules shall not "abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. Bankruptcy Rule 9019 itself, therefore, cannot provide the basis for this Court's refusal to enforce a settlement agreement solely because it has not been approved by the court. But such court approval may be required by the Bankruptcy Code. If so, the question becomes whether an agreement that must be approved under a specific provision of the Code is enforceable before it is approved.

Settlement agreements frequently involve disposition of the estate's assets. The transaction may involve the "use", or possibly the "sale", of estate assets outside of the ordinary course of business. Under § 363 such "use" or "sale" is permitted only "after notice and a hearing." *See Telesphere Communications*, 179 B.R. at 552 ("settlement presented by the pending motion is subject to court review, since the trustee is seeking to liquidate assets of the estate—certain avoidance claims—and notice and a hearing is required, under Section 363(b) of the Code, for any use or sale of estate assets out of the ordinary course."); *In re Roth American, Inc.*, 975 F.2d 949 (3rd Cir.1992) (post-petition extension of collective bargaining agreement was outside ordinary course of agreement and was not enforceable where not approved under § 363).

In this case, the terms of the settlement agreement not only required the sale of the Property, but those terms were to be an integral part of a plan of reorganization. The Bankruptcy Code, of course, requires court approval of a plan. 11 U.S.C. § 1129. Indeed, the Code is explicit that only a confirmed plan binds the debtor. 11 U.S.C. § 1141. Considering the many and frequently onerous requirements of § 1129, one must question how the LeComptes believed the Debtor could be required to consummate this agreement before confirmation. Approval of a plan of reorganization involves all creditors of the estate. As the parties to this case know full well, when seeking confirmation of a plan of reorganization there is the possibility that the creditor holding the mortgage on the Property will object to the terms of the sale or other disposition of the Property, or that other unsecured creditors will object to how they are being treated by the plan, or, independent of any objection by creditors, the court may not find that all provisions of § 1129(a) have been satisfied. Certainly the LeComptes must have known that confirmation of a plan is not a ministerial act (especially in this case) and that to the extent their agreement was part of a plan, under § 1141 it was not enforceable until confirmed.

▅▅▅ Even if the terms of this settlement agreement were not to be incorporated into a plan of reorganization, court approval was required under § 363 before the agreement could be carried out. The debtor-in-possession operates as a fiduciary; any actions taken by the debtor are to be in the best interests of the creditor body as a whole. For that reason the debtor is frequently, except when acting in the ordinary course of

business, prohibited from acting unilaterally; instead its actions are subject to complete disclosure and review by the creditors of the estate and the bankruptcy court.

■ The LeComptes suggest that the Court proceed with a hearing on approval of the settlement agreement under established case law standards.[1] But this would pit the debtor in a conflict between his fiduciary duty to the estate and a duty to go forward with the agreement. For example, if the debtor receives a better offer to purchase the assets before the agreement is effective (i.e. approved), he has a duty to report that offer to the court and to the creditors. He would then be put in a position of either "breaching" the initial agreement or supporting the initial agreement when a better offer has been made, thereby breaching his duty to the estate.

■ At the same time requiring a debtor to seek approval of an agreement it no longer supports would create confusion about the applicable legal standard. Under normal circumstances the court would defer to the debtor's judgment so long as he articulated a legitimate business justification. *In re Schipper*, 933 F.2d 513, 515 (7th Cir.1990). But when an agreement is before the court and the debtor advises the court that he no longer supports the agreement because he has received a better offer, should the court give deference to the debtor's initial decision to enter into the agreement or its later decision to back out of the agreement? What standard should the court apply in deciding whether to approve the agreement? The very statement of these questions illustrates the difficulty with the LeComptes' position: It creates confusion and conflicts that disappear if the agreement is not enforceable until it has been approved.

## CONCLUSION

The settlement agreement here involved disposition of estate assets and its terms were to be incorporated into a plan of reorganization. Sections 363 and 1129 are the substantive provisions of the Bankruptcy Code requiring a hearing and court approval; Rule 9019 merely sets forth the procedure for approving an agreement to settle or compromise a controversy. The creditors of this estate had to be notified of the agreement and this Court had to approve it before it became enforceable. Only after that procedure had been completed could the LeComptes require the Debtor to consummate the settlement agreement.

## ORDER

This matter is before the Court on the Debtor's Motion for Order in Furtherance of Order Approving Sale of Barrington Property ("Motion") which asks this Court to order the LeComptes to pay October and November 1995 rents at the closing of the sale of the Barrington Property on December 15, 1995. Since the closing has taken place the issue is now moot. Furthermore, the issues raised by the parties, the Debtor's claim that the rent is due and the LeComptes' claim that they are entitled to offset the rent against amounts allegedly due them for repairs and maintenance, should be raised in the pending Adversary Proceeding No. 94A01233. Accordingly, **IT IS HEREBY ORDERED** that the Debtor's Motion is denied.

## ORDER

For the reasons set forth in the Memorandum Opinion of even date herewith, **IT IS HEREBY ORDERED** that the LeComptes Motion to Alter or Amend Judgment is denied.

---

1. The Supreme Court has stated standards for approving settlements in *TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968). *See also, In re American Reserve, Inc.*, 841 F.2d 159 (7th Cir.1987).