

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-1999

# Northview Mtr Inc v. Chrysler Mtr Corp

Precedential or Non-Precedential:

Docket 98-3387

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

## Recommended Citation

"Northview Mtr Inc v. Chrysler Mtr Corp" (1999). *1999 Decisions.* Paper 158.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/158

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed June 18, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 98-3387

NORTHVIEW MOTORS, INC.

v.

CHRYSLER MOTORS CORPORATION

JOSEPH P. NIGRO, Trustee

       NORTHVIEW MOTORS, INC.;
       *FRANK P. CUDA;
       *JOANN CUDA
       Appellants
(*Pursuant to Rule 12(a), F.R.A.P.)

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civil Action No. 93-cv-01722)
District Judge: Honorable William L. Standish

Argued February 8, 1999

BEFORE: SLOVITER, STAPLETON and ROTH,
Circuit Judges

(Opinion Filed June 18, 1999)

       Robert G. Sable
       Sable, Pusateri, Rosen, Gordon &
        Adams
       7th Floor, Frick Building
       Pittsburgh, PA 15219-6002

Thomas M. Ferguson (Argued)
Blumling & Gusky
1200 Koppers Building
Pittsburgh, PA 15291
 Attorneys for Appellants

Mark F. Kennedy
Christopher J. Meyer (Argued)
Wheeler, Trigg & Kennedy
1801 California Street, Suite 3400
Denver, CO 80202
 Attorneys for Appellee

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Appellants Northview Motors, Inc. ("Northview") and
Frank P. and Joann Cuda ("the Cudas"), principals and
secured creditors of Northview, appeal from the order of the
United States District Court for the Western District of
Pennsylvania enforcing an agreement purporting to settle
Northview's claims against Appellee Chrysler Motors, Inc.
("Chrysler"). While administering these claims for the
benefit of Northview's bankrupt estate, the Trustee entered
into this agreement with Chrysler.

Northview and Chrysler were parties to an automobile
dealership franchise agreement, which Chrysler terminated
in 1991. On September 20, 1991, Northview filed a
voluntary bankruptcy petition in the United States
Bankruptcy Court for the Western District of Pennsylvania
under Chapter 11 of the United States Bankruptcy Code,
11 U.S.C. S1101 et seq. The bankruptcy was subsequently
converted to a Chapter 7 proceeding and a trustee of the
bankrupt estate was appointed.

On October 20, 1993, Northview, without the knowledge
of the Trustee, filed the instant civil action against Chrysler.1
_____

1. Frank Cuda was originally a plaintiff to this action and asserted the
same claims against Chrysler that were asserted by Northview. In March
1995, the District Court granted summary judgment to Chrysler on all
of Cuda's claims. The District Court subsequently amended the caption
eliminating Frank Cuda as a named party.

2

The complaint asserted five claims: (1) violation of the federal Automobile Dealer's Day in Court Act, 15 U.S.C. SS1221-1225 (the "ADDCA"); (2) violation of the Pennsylvania Board of Motor Vehicles Act, 63 Pa.C.S. SS818.1-818.28; (3) tortious interference with contract; (4) breach of the Uniform Commercial Code; and (5) breach of contract. After learning of this suit, the Trustee took possession of it for the benefit of Northview's bankrupt estate. On May 15, 1996, the Trustee agreed to settle Northview's claims in exchange for Chrysler's agreement to pay Northview $115,000 and to withdraw its claims against the bankrupt estate totaling $35,659.97. The settlement agreement expressly provided that it was "subject to bankruptcy court approval." (21a)

Following the settlement, the District Court entered an order administratively closing the action. This order acknowledged that "the only matters remaining to be completed are the approval of the settlement by the bankruptcy court and the submission of a stipulation for dismissal under Fed.R.Civ.Proc. 41(a)." (12a) Furthermore, the order specified that "nothing contained in this order shall be considered a dismissal or disposition of this action, and that should further proceedings therein become necessary or desirable, either party may initiate the same in the same manner as if this order had not been entered." (12a) Thereafter, the Trustee filed a motion to approve the settlement in the Bankruptcy Court.

In response to the Trustee's motion for approval, Northview and the Cudas filed an objection to the settlement. In their objection, Northview and the Cudas asserted that the settlement amount was inadequate, and thus was not in the best interest of the estate. Additionally, Northview and the Cudas filed a motion pursuant to 11 U.S.C. S554 to compel the Trustee to abandon the litigation on the grounds that the claims were of inconsequential value to the estate. In support of their motion, they alleged that: (1) the Cudas were the owners and subrogees of a secured claim against all the assets of Northview as a result of the Cudas' satisfaction of a secured claim of Mellon Bank against Northview in the amount of $610,123.25; and (2) because the settlement amount was less than this secured

3

claim, the claim would not provide for any distribution to unsecured creditors and thus was "of no value or benefit to the estate." (97a)

The Bankruptcy Court ordered the Trustee to abandon the lawsuit to the Cudas. The Bankruptcy Court entered this order because it found: (1) that Mellon held a perfected security interest in Northview's claim against Chrysler prior to the filing of the petition; (2) that the Cudas were subrogated to that security interest when they satisfied Northview's $610,123.25 obligation to Mellon; (3) that the Cudas' interest exceeded the value of the lawsuit; and (4) that the lawsuit thus would not generate any funds for unsecured creditors. In re Northview Motors, Inc., 202 B.R. 389 (Bankr. W.D. Pa. 1996). The District Court affirmed this order, and the parties do not challenge before us the propriety of the order requiring abandonment to the Cudas. Because of its order regarding abandonment, the Bankruptcy Court never approved the proposed settlement agreement between the Trustee and Chrysler. Instead, the Bankruptcy Court denied Chrysler's motion for approval as moot.

Chrysler then advised Northview and the Cudas that Chrysler was willing to complete the settlement agreement by forwarding a check to Northview in the amount of $115,000. Northview and the Cudas rejected the offer and demanded $3,500,000 to settle the action. In response, Chrysler filed a motion to enforce the settlement agreement. Northview, joined by the Cudas in their capacity as Northview's principals and secured creditors, opposed the motion. The District Court granted Chrysler's motion to enforce, concluding that court "approval [of the settlement agreement] became unnecessary when the abandonment occurred." Slip. Op. at 10. Northview and the Cudas now appeal. We have jurisdiction pursuant to 28 U.S.C. S1291. Chrysler has moved to dismiss the Cudas as appellants.

I.

As an initial matter, we must decide whether the Cudas have standing to appeal the order of the District Court granting Chrysler's motion to enforce the settlement

4

agreement. Ordinarily, those who were not parties to the proceeding below may not appeal an order of a district court.[2] See Caplan v. Felheimer Eichen Braverman & Kaskey, 68 F.3d 828, 836 (3d Cir. 1995). However, this Court has recognized that a nonparty may bring an appeal when three conditions are met: (1) the nonparty has a stake in the outcome of the proceedings that is discernible from the record; (2) the nonparty has participated in the proceedings before the district court; and (3) the equities favor the appeal. See id.

The first requirement is clearly satisfied. Because the Bankruptcy Court ordered the Trustee to abandon Northview's claims against Chrysler to the Cudas, the Cudas will be the recipients of any payment made by Chrysler in satisfaction of these claims. Thus, the Cudas have a substantial stake in the outcome of these proceedings. See Binker v. Commonwealth of Pennsylvania, 977 F.2d 738, 745 (3d Cir. 1992) (potential recipients of settlement agreement have substantial stake in litigation).

Turning to the second requirement, we note that the Cudas filed a brief in the district court opposing Chrysler's motion to enforce the settlement agreement. We have previously held that this level of participation is sufficient to satisfy the second requirement. See Krebs Chrysler–Plymouth Inc. v. Valley Motors, Inc., 141 F.3d 490, 496 (3d Cir. 1998) (nonparty's filing of brief and arguing in support of a party's position satisfied participation requirement). Additionally, we note that the Cudas participated significantly in the related abandonment proceedings before the Bankruptcy Court.

Finally, we address the equities of allowing this appeal. The Cudas have an interest in litigating whether or not the settlement agreement signed by the Trustee is binding. If the settlement agreement is not binding, the Cudas may

_____

2. Although the District Court dismissed Frank Cuda from the action, he does not appeal that order. Rather he asserts standing for purposes of this appeal as a party to whom Northview's claims have been abandoned. Because of this procedural posture, we conclude that Frank Cuda should be treated as a nonparty for purposes of this appeal. Joann Cuda was never a party to the instant suit.

5

litigate the claims on remand or pursue a higher settlement amount than that agreed to by the Trustee. To the extent that the Cudas' secured debt is satisfied by this recovery from Chrysler, Northview and its other creditors are better off.

Chrysler's argument that the equities favor denying the Cudas an opportunity to pursue this appeal rests primarily on its contention that the Cudas have taken inconsistent positions as to the value of the claims. In support of this contention, Chrysler points to the following positions:

1. In objecting to the proposed settlement, the Cu das indicated that their attorney, who has extensive experience in litigating actions between franchisers and dealers, was prepared to testify that the settlement was inadequate by several hundred thousand dollars.

2. In their motion for abandonment, Northview and the Cudas asserted that "[b]ecause the proposed settlement is significantly less that the secured claim [in the amount of $610,123.25] owed to Movants Frank P. Cuda and Joann Cuda, there is no equity in said claim which would provide for any distribution to unsecured creditors. The estate therefore has no interest in said property and said claim should be abandoned." (97a)

3. In responding to Chrysler's offer to consummate the settlement, the Cudas insisted that their claim had a value of $3.5 million.

As the parties moving for abandonment, the Cudas had the burden of showing that Northview's claims against Chrysler were of inconsequential value to the estate in light of their own security interest. Given the size of that security interest, the Cudas' assertion that the claims would not provide for distribution to unsecured creditors' position is consistent with their representation that the settlement was inadequate by several hundred thousand dollars. Thus, these statements should not preclude the Cudas from prosecuting this appeal.

While it is true that the Cudas' $3.5 million settlement demand is in tension with their position during the abandonment proceeding, we must keep in mind that it

6

was a settlement demand and not a position taken to secure action from a court. We leave for another day whether the Cudas should, as a result of their position in the abandonment proceeding, be estopped from recovering more than $610,123 on Northview's claims against Chrysler. We hold only that the Caplan factors are satisfied and that the Cudas have standing to pursue this appeal.

II.

We now turn to the issue of whether the District Court erred in compelling the Cudas to consummate the settlement agreement. The legal effect of an agreement is a question of law over which we exercise plenary review. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 881 (3d Cir. 1995).

As our starting point, we examine Section 363 of the Bankruptcy Code. Section 363(b)(1) restricts a trustee's ability to use, sell, or lease estate property out of the ordinary course of business. Pursuant to Section 363(b)(1), the trustee may do so only after notice and a hearing. See 11 U.S.C. S363(b)(1).3 We have interpreted Section 363 to require both a hearing and court approval. See In re Martin, 91 F.3d 389, 395 n.2 (3d Cir. 1996). Thus, we must examine the Trustee's settlement agreement with Chrysler and determine whether it involves the (1) use or sale of (2) estate property (3) out of the ordinary course of business.

As the Bankruptcy Code and its legislative history demonstrate, Northview's claims against Chrysler constituted estate property within the meaning of Section 363 prior to the court-ordered abandonment. Section 541(a) of the Code provides that the commencement of a case creates an estate and mandates that "all legal [and] equitable interests of the debtor in property as of the commencement of the case" constitute property of that estate. See 11 U.S.C. S541. As the legislative history of this section recognizes, "[t]he scope of this paragraph is broad.

_____

3. Section 363(b)(1) provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. S363.

7

It includes all kinds of property, including tangible or intangible property, causes of action . . . and all other forms of property currently specified in section 70a of the Bankruptcy Act. . . ." H.R.Rep. No. 95-595, at 367 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6323 (emphasis added); see also Integrated Solutions, Inc. v. Service Support Specialties, 124 F.3d 487, 490-91 (3d Cir. 1997). Additionally, the Trustee's act of agreeing to settle Northview's claims against Chrysler constituted a sale of that claim. See In re Telesphere Communications, Inc., 179 B.R. 544, 552 n.7. (Bankr. N.D. Ill. 1994) ("There is no difference in the effect on the estate between the sale of a claim (by way of assignment) to a third party and a settlement of the claim with the adverse party."). Finally, we note that this act was outside the scope of Northview's ordinary course of business prior to the filing of bankruptcy. See Martin, 91 F.3d at 394 (noting that trustee's settlement of debtor's breach of contract claim "ventured beyond the domain of transactions . . . encountered in the ordinary course of business").

Thus, the Bankruptcy Code contemplates notice, a hearing, and bankruptcy court approval in this situation. These requirements afford due process protections to parties interested in the disposition of the estate but who did not themselves enter into the settlement agreement. "[T]his schema [of notice, a hearing, and approval] is intended to protect both debtors and creditors (as well as trustees) by subjecting a trustee's actions to complete disclosure and review by the creditors of the estate and by the bankruptcy court." Martin, 91 F.3d at 395.4 Relying on

_____

4. Bankruptcy Rule 9019 provides the procedure for the required court approval. Bankruptcy Rule 9019(a) states in pertinent part that:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indentured trustees as provided in Rule 2002 and to any other entity the court may direct.

On appeal, Chrysler alleges that this rule violates the Bankruptcy Rules Enabling Act, 28 U.S.C. S2075, which provides in relevant part that:

8

Section 363, we have held that a contract providing for use or sale of estate property outside the regular course of business is unenforceable absent court approval. In re Roth American, 975 F.2d 949 (3d Cir. 1992).

Chrysler disputes the application of this well established principle here on the basis of a three step argument. It first asserts that the settlement agreement became legally binding on the parties to the agreement upon its execution but that its consummation was subject to the satisfaction of a condition subsequent -- bankruptcy court approval. Second, having thus established to its satisfaction that the settlement agreement was binding on the Trustee from the time of its execution, Chrysler insists that the Cudas were similarly bound because their title was "derivative" from the Trustee's and the abandonment order negated the need for bankruptcy court approval. As an alternative to this second step, Chrysler further contends that the condition subsequent should be excused because it was the Cudas' application for abandonment that caused the condition to fail.

Given our view of the appropriate analysis, we may assume, without deciding, that an agreement within the scope of S 363 is effective on execution subject to conditions subsequent -- notice, a hearing, and a court determination that the agreement is in the best interests of the estate. Moreover, we may also assume, without deciding, that the person to whom title reverts following an abandonment takes a derivative title. Thus, we assume, for example, that had the abandonment followed a court approval, the Cudas

_____

The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under Title 11. Such rules shall not abridge, enlarge, or modify any substantive right.

Chrysler is correct that, as a matter of law, Bankruptcy Rule 9019(a), a rule of procedure, cannot, by itself, create a substantive requirement of judicial approval of the Trustee's settlement of Northview's claims against Chrysler. However, we adhere to our ruling in Martin that Section 363 of the Code is the substantive provision requiring court approval. See Martin, 91 F.3d at 394 n.2.

would have taken the claim subject to the settlement agreement. Even with these assumptions in Chrysler's favor, however, we cannot sanction the action taken by the District Court.

Under Chrysler's condition subsequent analysis, the Trustee immediately prior to the order of abandonment could not have been forced to consummate the settlement agreement absent court approval. If the Cudas stepped into the Trustee's shoes with the entry of the abandonment order, it necessarily followed that they could not be forced to consummate the agreement absent court approval and, as the District Court recognized, there has been none.

The District Court was able to reach a contrary conclusion only because it, like Chrysler, viewed the abandonment as removing the claim from the bankrupt's estate and that removal as obviating the necessity of court approval. Removal of the claim from the estate did indeed render Section 363 inapplicable and, as a result, any settlement to which the Cudas had agreed would be enforceable against them without court approval. The difficulty with this approach, however, is that the settlement the District Court ordered the Cudas to consummate was not a settlement to which they had agreed.

It must be remembered that the Cudas concededly started out with a property interest. Having satisfied Northview's $610,123 obligation to Mellon, they had a perfected lien interest in the claim against Chrysler. That property interest could be impaired only with the Cudas' consent or in accordance with the provisions of the Bankruptcy Code. The District Court, while concluding that the claims were no longer subject to the Code following abandonment, nevertheless determined that the settlement could be enforced against the Cudas by virtue of the Trustee's act of agreement. This conclusion was foreclosed by Section 363, however. The Trustee's authority was limited as a matter of law to agreeing to settle subject to court approval. This condition subsequent was never satisfied as there has been no judicial determination that their interest must yield to the best interests of the estate.

10

As noted above, Chrysler offers an alternative argument as to why judicial approval of the settlement agreement is unnecessary. Because the Bankruptcy Court is now incapacitated from passing on the fairness of the settlement agreement, Chrysler argues that the satisfaction of the condition subsequent should be excused under normal contract principles. Chrysler emphasizes that the Cudas are the parties against whom the agreement is sought to be enforced and that the Cudas' abandonment application was responsible for the settlement not being approved. We conclude, however, that the Cudas did no more than they were legally entitled to do as the real parties in interest. See 11 U.S.C. S 554(b) (authorizing party in interest to request a court order of abandonment of a particular property). Additionally, we note that the Bankruptcy Court and the District Court recognized their status as the real parties in interest in approving the abandonment. We do not believe the Cudas can be penalized for taking actions expressly sanctioned by the Code and the appropriate courts. See In re Martin, 91 F.3d 389 (3d Cir. 1996) (holding that trustee could not have breached settlement agreement pending court approval by engaging in behavior violative of the agreement since Bankruptcy Court formally endorsed trustee's course of action). Thus, we decline to hold that the Cudas' petition excused satisfaction of the condition subsequent and instead conclude the settlement agreement signed by the Trustee and Chrysler is not enforceable as against the Cudas.

III.

For the foregoing reasons, we will reverse the Order of the District Court enforcing the settlement and remand for further proceedings.

A True Copy:
Teste:

    Clerk of the United States Court of Appeals
    for the Third Circuit

11