In re Randy James TURNER, Debtor.

William Pineo, Trustee, Movant,

v.

Randy James Turner, Village Boston Heights, Ohio, Dennis Nyce, Joseph Varga III, and Robert Zawiski, Respondents.

Bankruptcy No. 00–11066.
Motion No. PIN–04.

United States Bankruptcy Court,
W.D. Pennsylvania.

March 21, 2002.

William Pineo, Esq., Meadville, PA, Trustee and Attorney Pro Se.

Scott C. Essad, Esq., Youngstown, OH, Special Counsel for Trustee.

Todd M. Raskin, Esq., Cleveland, OH, Attorney for Dennis Nyce.

Leo Ward, Esq., Cleveland, OH, Attorney for Joseph A. Varga III and Village of Boston Heights, OH.

Daniel D. Mason, Esq., Elyria, OH, Attorney for Robert Zawiski.

George J. Argia, Esq., Mayfield Village, OH, Attorney for Robert Zawiski.

Michael Cassetty, Esq., Akron, OH, Attorney for Village of Boston Heights, OH.

Keith Bell, Esq., Sharon, PA, Attorney for Randy J. Turner.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Introduction

Before the Court is the Motion for Approval of Settlement ("Motion") filed by William Pineo ("Trustee"), the Chapter 7 Trustee, in the bankruptcy case of Randy James Turner ("Debtor"). The Trustee seeks approval of a settlement for $100,000 (the "Settlement") of a lawsuit filed at CA:1:99 CV 01784 (the "Lawsuit") pending in the United States District Court for the Northern District of Ohio ("District Court") for damages arising from the Debtor's claims for false arrest, false imprisonment and related damages.

After notice, a hearing to consider the Motion was held on March 8, 2002. The Village of Boston Heights ("Village") and Dennis Nyce ("Nyce"), two of the Defendants in the Lawsuit who offered the Settlement, now oppose its approval. The facts are not in dispute and the matter is ripe for decision.

### Facts

The Lawsuit arises from a traffic stop of the Debtor by police officers in Boston Heights, Ohio on June 26, 1998. Debtor alleges that he suffered a false arrest and imprisonment and other injuries including the loss of his business as the result of the traffic stop. After the Lawsuit was filed in District Court, the Debtor filed a voluntary Petition under Chapter 7 of the Bankruptcy Code on June 21, 2000 (the "Filing Date").

In October, 2000, the Trustee sought approval of a settlement of the Lawsuit for $77,500. Debtor opposed the settlement. Upon consideration of the criteria set forth in *In re Martin,* 91 F.3d 389 (3rd Cir.1996) and of the facts of the case, and given the amount of the settlement, we determined that the Debtor was the most interested party with little or no downside risk to creditors. Approval of the proposed settlement was refused.

The parties went back to the District Court and reactivated the Lawsuit. Trial was fixed for April 29, 2002. On February 4, 2002, the District Court conducted a status conference in which a settlement offer of $100,000 was made on behalf of the Village, Nyce, and the third remaining Defendant, Robert Zawiski ("Zawiski"). At that time, Debtor voiced his rejection of the offer and indicated his desire to have a trial. The offer was nevertheless accepted by the Trustee over the Debtor's objection, subject to obtaining Bankruptcy Court approval.[1]

Counsel for all parties agreed to use the language in the District Court's MINUTES OF PROCEEDINGS that "it is the Court's opinion that $100,000 is a fair settlement for all of the parties" to induce the Bankruptcy Court to approve the agreement.

The $100,000 offer and acceptance of that offer is confirmed by the letter of the attorney for the Village and Nyce to the attorney for the Trustee dated February 6, 2002. Counsel for the Village and Nyce requests that counsel for the Trustee provide a copy of the motion seeking approval of the Bankruptcy Court of the agreement to settle for $100,000.

On February 19, 2002, the District Court issued a Memorandum Opinion and Order which granted pending Motions for Summary Judgment in favor of Nyce and the Village.

---

1. Debtor, Randy Turner, now supports approval of the settlement agreement.

The Trustee's Motion was filed on February 26, 2002 and a hearing to consider the Motion was fixed for March 8, 2002. Counsel for the Village and Nyce received the Motion and Order of February 26, 2002 fixing the hearing for March 8 and then sent a letter to counsel for the Trustee dated March 4, 2002 which states that, in view of the grant of Summary Judgment by the District Court, counsel for the Trustee should notify the Bankruptcy Court "that there is no offer of settlement in the amount of $100,000 available for its approval."

*Positions of the Parties*

The Trustee posits that when the bankruptcy case was filed, the Lawsuit became property of the estate and that the Trustee is the proper party in interest with authority to settle the Lawsuit on behalf of the estate, that on February 4, 2002, there was an offer by Village and Nyce which was accepted by the Trustee creating a valid and binding agreement at that time, subject only to the condition that the settlement agreement be approved by the Bankruptcy Court.

Village and Nyce assert that the Debtor rejected the offer and that the Trustee lacks the capacity to enter into a binding contract prior to Bankruptcy Court approval. They assert that the Settlement offer is no longer available to the Trustee as it was withdrawn prior to Bankruptcy Court approval, and that the only time an offer to the Trustee can be binding is after Bankruptcy Court approval.

The Village and Nyce assert that when the District Court entered Summary Judgment in their favor, the offer was automatically withdrawn, or in the alternative, that the offer was withdrawn by the letter of March 4, 2002 which was prior to the March 8, 2002 hearing on approval of the Motion and that without Court approval,

which could be obtained at the earliest on March 8, 2002, the Trustee could not validly accept and bind the Village and Nyce to the settlement offer, and since the offer was withdrawn prior to that date, there is nothing for the Bankruptcy Court to approve so that it might be accepted by the Trustee.

*Discussion*

### A. The Cause of Action is Property of the Estate

 The Bankruptcy Code provides that the commencement of a voluntary bankruptcy case creates an estate comprised of legal and equitable interests of the debtor in property, wherever located and by whomever held. 11 U.S.C. § 541. "When a debtor files a bankruptcy petition, all of his property becomes property of a bankruptcy estate." *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642, 112 S.Ct. 1644, 1647, 118 L.Ed.2d 280 (1992). Personal injury claims pending at the time of the filing of a bankruptcy case are property of the estate. *Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350 (3rd Cir.1999); *Kollar v. Miller*, 176 F.3d 175, 178 (3rd Cir.1999); *In re Rice*, 224 B.R. 464, 467 (Bankr.D.Or.1998). As of the Filing Date, the Lawsuit became an asset of the estate under the custody and control of the Trustee. The Debtor is entitled to notice of any proposed settlement by the Trustee and an opportunity to voice concerns over a proposed settlement, but it is the Trustee who has authority to accept or reject any offers subject to Bankruptcy Court approval. *See In re RFE Industries, Inc.*, 283 F.3d 159 (3rd Cir.2002).

On February 4, 2002, the Village and Nyce made a settlement offer of $100,000 which was accepted by the Trustee, who owned and controlled the asset on behalf of the bankruptcy estate.

*B. Whether the Parties are Bound to the Settlement Agreement Pending Bankruptcy Court Approval*

■ The issue presented is whether the parties to a settlement agreement are bound by its terms pending approval by the Bankruptcy Court. The parties direct our attention to *Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346 (3rd Cir.1999), *In re Martin*, 91 F.3d 389 (3rd Cir.1996) and *In re Signet Industries, Inc.*, 165 F.3d 28, 1998 WL 639168 (6th Cir. Sept.10, 1998) (unpublished decision text in Westlaw). The cases cited are not conclusive on the issue before us.

In *Northview,* the Court states that the Trustee's authority is limited as a matter of law to agreeing to settle subject to Court approval. *Northview* at 352. The Trustee's act of agreeing to settle claims constitutes a sale of that claim. *Northview* at 350. Thus, notice, hearing and Bankruptcy Court approval are required. *Northview* at 351. In *Northview,* the condition of Court approval of the settlement was not obtained, so the condition subsequent was never satisfied. *Id.* The Court in *Northview* stated that "we may assume, *without deciding,* that an agreement...is effective on execution subject to conditions subsequent—notice, a hearing, and a Court determination that the agreement is in the best interests of the estate." (emphasis added) *Northview* at 351.

Similarly, in *In re Martin,* the Court states that a trustee is prohibited from acting unilaterally and the trustee's actions are subject to complete disclosure and review by the Bankruptcy Court. *Martin* at 395. The Court determined that the trustee in the *Martin* case did not breach an agreement by allowing a trial of the underlying issues to proceed pending the Bankruptcy Court's approval of the settlement, or by the failure to vigorously urge the Bankruptcy Court to accept the settlement

in light of changed circumstances. *Id.* The Court emphasized that it was not deciding the "issue of whether, absent intervention of a bankruptcy court, parties are bound by the terms of a settlement pending final approval of the bankruptcy court." *Id.*

The *Signet* case, a decision from the Court of Appeals for the Sixth Circuit is similar. There, the Trustee entered into an oral compromise agreement for which the parties never sought bankruptcy court approval. *In re Signet Industries, Inc.*, 165 F.3d 28, 1998 WL 639168 (6th Cir., Sept. 10, 1998, unpublished decision, text in Westlaw). The Court concluded that a settlement agreement cannot be enforced by a trustee when the agreement had never been brought before the bankruptcy court for approval. *Id.* Failure to seek Bankruptcy Court approval is not at issue in this case.

Courts are divided on the issue of whether an agreement is binding on the parties pending approval by the Bankruptcy Court. The Court of Appeals for the Third Circuit specifically indicated in *Martin* and *Northview* that it was not deciding this issue. The Court in *In re Frye*, 216 B.R. 166, 173 (Bankr.E.D.Va.1997), collects cases on both sides of the issue:

> On one hand, some courts hold that a "debtor's agreement to compromise is binding upon all parties to the agreement pending court approval of the agreement." *Cotton v. Banksouth (In re Cotton),* 136 B.R. 888, 890 (M.D.Ga. 1992); *rev'd on other grounds,* 992 F.2d 311 (11th Cir.1993) (citing *Providers Benefit Life Insurance Co. v. Tidewater Group, Inc. (In re Tidewater Group, Inc.),* 8 B.R. 930 (Bankr.N.D.Ga.1981)); *see also White v. C.B. Hannay Co. (In re Lyons Transportation Lines, Inc.),* 163 B.R. 474, 476 (Bankr.W.D.Pa.1994) (stating that absent fraud, settlement agreement is binding pending bankrupt-

cy court approval); *United Shipping,* 1989 WL 12723, at *5. These courts reason that the agreement is binding on the parties and the absence of court approval does not disqualify the fact that an agreement was reached between the parties. It simply means that the court has yet to approve the agreement. The court in *United Shipping* looked to the intent of Rule 9019 and found that it was to protect other creditors against bad deals made between one creditor and the debtor and to encourage settlement to avoid litigating highly contested claims *United Shipping,* 1989 WL 12723 at *5; *but see In re Sparks,* 190 B.R. 842, 843 (Bankr.N.D.Ill.1996) (citing *In re Leslie Fay Cos., Inc.,* 168 B.R. 294 (Bankr.S.D.N.Y.1994); *In re Pugh,* 167 B.R. 251 (Bankr.M.D.Fla.1994); *In re Rothwell,* 159 B.R. 374 (Bankr.D.Mass. 1993); *In re Lloyd Carr and Co.,* 617 F.2d 882, 885 (1st Cir.1980) (decided under Bankruptcy Act)). Each of these cases holding contrary to our decision can be distinguished from the facts of the case at bar to support this Court's finding that a settlement agreement is binding pending court approval.

*Sparks* reviewed the intent of the Code and found that in most instances, there was no requirement for judicial approval of settlement agreements if the agreement was for the sale of assets of the estate in the ordinary course of business. Where, however, judicial approval was necessary for a transaction to go forward, an agreement could not be binding absent the required approval. *Sparks,* 190 B.R. at 843; *see also Rinehart v. Stroud Ford, Inc. (In Stroud Ford, Inc.),* 205 B.R. 722, 726–27 (Bankr.M.D.Pa.1996) (stating that where sale not in ordinary course of business is objected to and hearing is necessary, agreement to sell is not binding without court approval). In *Leslie Fay, Roth-*

*well* and *Lloyd, Carr & Co.,* the parties failed to give notice of a motion to compromise a claim to any interested party of a compromise of a claim to permit objections to be raised and thereby failed to comply with Rule 9019. Such noncompliance is the stated reason the courts gave in all of the above-mentioned cases for not finding that a settlement was binding without court approval. *Leslie Fay,* 168 B.R. at 305; *Rothwell,* 159 B.R. at 379; *Lloyd, Carr and Co.,* 617 F.2d at 885. Even more egregious is the conduct of the trustee in *Pugh.* There the trustee purportedly settled a claim of the estate with the debtors, although the court was unable to find that a contract existed. Furthermore, the trustee did not make a motion for the court to approve the compromise or give notice to interested parties that the claim had been compromised as required by Rule 9019. *Pugh,* 167 B.R. at 253. Failure to move or to give notice are not issues in the case at bar.

The facts in this present case are most similar to *White v. Hannay Co. (In re Lyons Transportation Lines, Inc.)* and *United Shipping Co.,* where there was an offer by a third party made to the trustee (or debtor in possession) which was accepted to settle a controversy for an amount less than the actual claim. In *Lyons,* the court held that "[a]bsent actual or constructive fraud, a settlement agreement is binding as between the parties pending the required bankruptcy court approval." *Lyons,* 163 B.R. at 476. *United Shipping* opined that because the reasons for approving a settlement are different than where a settlement exists, "absence of court approval does not mean that the parties did not agree to the settlement. It only means that the court has not yet ap-

proved it." *United Shipping,* 1989 WL 12723 at *5. (footnotes omitted)

Applying principles of contract law, it is clear that the parties before us reached a binding agreement. The only condition subsequent was that the Trustee seek and obtain court approval which the Trustee has promptly sought. All parties were aware that a Motion for Summary Judgment was pending before the District Court in the underlying litigation. A decision on the Motion for Summary Judgment was possible at any time, yet the agreed Settlement was not conditioned upon whether or not a decision was rendered on the Motion for Summary Judgment. We agree with the *Frye* court that:

> It would be inequitable to allow a party to an otherwise enforceable agreement who has given the proper notice and scheduled a hearing under Rule 9019 to revoke an offer after it had been accepted merely because the court had not yet heard the motion to approve the compromise of the claim.

*In re Frye,* 216 B.R. 166, 174 (Bankr. E.D.Va.1997).

The settlement agreement is therefore binding on the parties, pending approval by this Court.

### C. Approval of the Settlement Agreement

■ "To minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" *In re Martin,* 91 F.3d 389, 393 (3rd Cir.1996) *quoting* 9 *Collier on Bankruptcy,* ¶ 9019.03[1] (15th ed.1993). "Under Bankruptcy Rule 9019, a bankruptcy judge has the authority to approve a compromise of claim" with appropriate notice to parties-in-interest. *Id.;* Fed.R.Bankr. P.2002(a)(3).

This particular process of bankruptcy court approval requires a bankruptcy judge to assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal. Taking our cue from *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424–25, 88 S.Ct. 1157, 1163–64, 20 L.Ed.2d 1 (1968), we recognize four criteria that a bankruptcy court should consider in striking this balance: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors. *See In re Neshaminy Office Bldg. Assocs.,* 62 B.R. 798, 803 (E.D.Pa. 1986).

*In re Martin,* 91 F.3d at 393; *see also In re RFE Industries, Inc.,* 283 F.3d 159 (3rd Cir.2002).

■ Where the situation has changed since the Settlement was negotiated, the Bankruptcy Court should examine the *Martin* factors in light of the present circumstances. *In re RFE Industries, Inc.,* 283 F.3d 159 (3rd Cir.2002).

■ The probability of success in the Lawsuit has always been subject to question. While Debtor had suffered damages, the extent of those damages was subject to question, particularly the damages Debtor alleged that he suffered on account of the loss of his business. In addition, the liability of Nyce and Village and consequently the insurance carrier for Village had been an open issue. At the time that the parties agreed upon the Settlement, those issues remained unresolved. Subsequent to the Settlement, the District Court entered Summary Judgment in favor of Nyce and Village, leaving only Zawiski as a defendant. It has been stated that Zawiski is in

or is contemplating a bankruptcy filing. While the granting of summary judgment might be subject to an eventual appeal, it has certainly narrowed the Trustee's probability of success. The Trustee would have to proceed against the sole remaining defendant, Zawiski. Even if successful, it is doubtful that Zawiski has the ability to satisfy a judgment against him.

The Lawsuit is complex. It involves multiple parties. Nyce asserts that he was not involved. The Village asserts that it is immune from liability.

Upon consideration of the prior settlement agreement of $77,500, we deferred to the objection of the Debtor as he had the most interest in the outcome. The Debtor presently is in favor of the $100,000 Settlement which is before the Court. It is certain that the Settlement is in the best interest of the estate, the Debtor and the creditors.

The Settlement will be approved.