17-2037-bk
Liberty Towers Realty, LLC v. Richmond Liberty LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 31st day of May, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             RAYMOND J. LOHIER,
                     *Circuit Judges.*

_____

LIBERTY TOWERS REALTY, LLC,
LIBERTY TOWERS REALTY I, LLC,

                     *Debtors-Plaintiffs-Appellants*,

             v.                                          17-2037-bk

RICHMOND LIBERTY LLC,
WF LIBERTY LLC,

                     *Defendants-Appellees*.[1]

_____

| | |
|---|---|
| Appearing for Appellants: | Vincent J. Roldan, Ballon Stoll Bader & Nadler, P.C. (David Carlebach, Law Offices of David Carlebach, *on the brief*), New York, N.Y. |
| Appearing for Appellees: | Lori Schwartz, Robinson Brog Leinwand Greene Genovese & Gluck, P.C., New York, N.Y. *for Richmond Liberty LLC* |

---

[1] The Clerk of Court is respectfully instructed to amend the caption as above.

Scott Krinsky, Backenroth, Frankel & Krinsky, LLP, New York, N.Y. *for WF Liberty LLC*

Appeal from the United States District Court for the Eastern District of New York (Ross, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Appellants Liberty Towers Realty, LLC and Liberty Towers Realty I, LLC (collectively, "LTR") appeal from the June 20, 2017 order of the United States District Court for the Eastern District of New York (Ross, *J.*) affirming the January 13, 2017 order of the United States Bankruptcy Court for the Eastern District of New York (Stong, *Bankr. J.*) approving the settlement agreement between LTR, Richmond Liberty, and WF Liberty over the objections of LTR[2] and NCC Capital. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We…apply the same standard of review employed by the district court to the decision of the bankruptcy court. Accordingly, we review the bankruptcy court's findings of fact for clear error and its legal determinations de novo." *In re Anderson*, 884 F.3d 382, 387 (2d Cir. 2018).

LTR first argues that Richmond Liberty improperly moved for approval of the settlement in LTR's bankruptcy proceedings. We disagree. Fed. R. Bankr. P. 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Appellants argue that this rule is clear on its face that *only* a trustee or debtor-in-possession, which may serve as a trustee in a Chapter 11 case, *see* 11 U.S.C. § 1107(a), can bring a Rule 9019 motion. To support their view, they rely primarily on our opinion in *In re Smart World Technologies, LLC*, 423 F.3d 166 (2d Cir. 2005).

It is true that *Smart World* reaffirmed the general principle that only a trustee or a debtor-in-possession can bring a Section 9019 motion in a Chapter 11 proceeding, reasoning that a debtor-in-possession has control over the bankruptcy proceedings, including the right to bring suit on behalf of the estate. *Id.* at 174-75. However, we recognized that "under certain circumstances, settlement of an estate's claim could be approved over the objections of a debtor-in-possession" if, for example, a Rule 9019 motion is brought by a party with derivative standing. *Id.* at 175-77. As relevant here, "derivative standing may be appropriate where the debtor-in-possession consents." *Id.* at 176 n.15; *see also In re Commodore Int'l*, 262 F.3d 96, 100 (2d Cir. 2001) (holding creditors' committee can sue on behalf of consenting debtor-in-possession upon obtaining bankruptcy court approval). LTR consented when it executed a settlement agreement explicitly providing that Richmond Liberty would file a Rule 9019 motion seeking bankruptcy court approval of the settlement agreement. In the unique situation here where Richmond Liberty is a debtor in its own bankruptcy proceeding that was apparently being considered in conjunction with LTR's and to which the settlement also pertained, it was entirely appropriate for Richmond Liberty to have sought approval. *See In re Refco*, 505 F.3d 109, 116 n.9 (2d Cir. 2007) (holding that a party to a settlement with a debtor has party-in-interest standing in that debtor's bankruptcy proceedings).

---

[2] This is not a typographical error: LTR objected to its own settlement agreement.

Next, LTR argues in its brief that it should have been allowed to rescind its support for the settlement agreement before the bankruptcy court approved it. At oral argument, however, LTR's counsel conceded that debtors may not unilaterally rescind settlement agreements. In any event, we agree with the district court and with a number of bankruptcy courts that "the parties to a settlement agreement may not unilaterally repudiate it after approval of it has been sought pursuant to Rule 9019." *In re Seminole Walls & Ceilings Corp.*, 388 B.R. 386, 392 (M.D. Fla. 2008) (collecting cases); *Liberty Towers Realty, LLC v. Richmond Liberty, LLC*, 569 B.R. 534, 542 (E.D.N.Y. 2017). Allowing a party to withdraw from a settlement pending court approval would deter parties from entering into settlements in the first place, would permit parties to abuse the bankruptcy process, and would run contrary to generally applicable contract and settlement principles in this Circuit. *Seminole Walls*, 288 B.R. at 395; *In re Turner*, 274 B.R. 675, 681 (Bankr. W.D. Pa. 2002); *United States v. Bank of New York*, 14 F.3d 756, 759 (2d Cir. 1994) ("When a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect."); 15B Am. Jur. 2d Compromise and Settlement § 9 ("[A] party's change of heart regarding a settlement is not a valid basis upon which a court may refuse approval."). A debtor-in-possession who comes across a better offer or otherwise thinks the settlement is no longer in compliance with its fiduciary duties to creditors may argue against court approval of the settlement, but it may not withdraw unilaterally. *See In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996).

We have considered the remainder of LTR's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3